*Merrill*, for the plaintiff.

*Kinney*, for the defendant.

Nov. Term, 1831.

SIMONDS
v.
COLVERT.

---

## SIMONDS *v.* COLVERT and Others, Executors.

The jurisdiction of justices of the peace does not extend to cases, in which an executor or administrator is either plaintiff or defendant.

ERROR to the *Sullivan* Circuit Court.

M'KINNEY, J.—An action of debt was brought against the defendants as executors of *Robert Colvert*, deceased, before a justice of the peace. The case was submitted to a jury, and they found for the defendants. The plaintiff appealed to the Circuit Court, and on motion of the defendants, the case was dismissed on the ground of want of jurisdiction.

The question before us is, has a justice of the peace jurisdiction in a case in which an executor is defendant? This is an important question. We approach it with a consciousness that its settlement will be sensibly felt, in the adjustment of claims within the jurisdiction of a justice of the peace, growing out of contracts in the representative character. We have given the subject every attention, anxiously seeking, by analogy and precedent, a means of arriving at a proper conclusion. The jurisdiction of a justice of the peace, in civil actions, is

*Monday*, *November* 7.

Nov. Term,
1831.

SIMONDS
v.
COLVERT.

unknown to the common law. Such jurisdiction is given alone by statute. When a statute creates a new jurisdiction, the fix-ed rules of construction denies, to such jurisdiction, the exer-cise of a power not directly given. It cannot overstep the pro-visions of the statute by which it is created, and enlarge itself by inference or implication.

We have examined the acts regulating the jurisdiction of justices of the peace, and find no provision which gives a jus-tice of the peace jurisdiction, in a case in which an executor or administrator is either plaintiff or defendant. The provi-sions of the statute, in authorising process to issue, and direct-ing the manner of rendering judgments, regard the parties liti-gant as acting in their own rights and not *in auter droit.* The case of *Wells* v. *Newkirk, Executor of Pierson,* 1 Johns. Cases, 228, is in point. The Supreme Court of *New-York,* in that case, in deciding against the jurisdiction of justices of the peace, by inference or implication, where an executor was either plaintiff or defendant, present reasons which irresistibly apply to such jurisdiction in this state. Our statute applies to cases, in which a suit is prosecuted or defended in a party's own right, and not *in auter droit.* Process and judgment are predicated upon in-dividual responsibility: no exception as to arrest on warrant, or limitation of the operation of a judgment. Execution issues against a defendant personally, or against his individual pro-perty. Defences which are incident to the representative cha-racter, are precluded before a justice of the peace without legislative enactment. The plea of *plene administravit,* or of outstanding debts, may put in issue an amount greatly exceed-ing the jurisdiction of justices of the peace, and, if acted upon, require an examination of the whole administration. No judg-ment can be rendered for assets *in futuro,* nor against the pro-perty of the testator. Such are some of the grounds upon which the decision in *New-York* is founded. They apply to the case before us. The judgment of the Circuit Court must be affirm-ed (1).

*Per Curiam.*—The judgment is affirmed with costs.

*Judah,* for the plaintiff.

*Kinney,* for the defendants.

(1) Justices of the peace have now, by statute, the same jurisdiction in all cases

where executors, administrators, or guardians, are plaintiffs, that they would have, were those persons suing in their own right. But if the defendant, in such a case, plead any matter of payment, &c., the plaintiff may have the cause removed to the Probate Court. Vide Stat. 1832, p. 251; 1833, p. 109; 1834, p. 157.