May Term, 1847.

HARMON v. BIRCHARD.

---

## HARMON, Executor, v. BIRCHARD.

If the defendant in an action of debt by *A*. rely on payment as garnishee in attachment, he should show that the debt paid by him as garnishee was the same debt for which he was sued by *A*.

A justice of the peace had no authority, previously to the Revised Statutes of 1843, to issue a summons against an executor as garnishee in attachment.

*Thursday, June 24.*

APPEAL from the *Orange* Circuit Court.

SMITH, J.—*Birchard*, the appellee, brought an action of debt against *Harmon*, executor of *Edwin F. Harmon*, deceased, upon a promissory note made by the said *Edwin* in his lifetime in favour of one *Beach*, and assigned by the latter to *Birchard*. There were two pleas; 1st, payment; and 2d, a special plea, setting up as a defence to a part of the plaintiff's demand, that on the 9th of *September*, 1843, *Harmon*, the defendant below, was summoned as a garnishee in a suit of attachment, instituted before a justice of the peace by one *Simpson*, against the plaintiff below; that as such garnishee, being examined upon oath, he confessed that he was indebted to said *Birchard* in about the sum of 85 dollars, as executor

May Term,
1847.

HARMON
v.
BIRCHARD.

of the estate of the said *Edwin;* that the justice of the peace rendered a judgment, in said suit of attachment, against him as such garnishee for the sum of 51 dollars and 76 cents, the debt found to be due from *Birchard* to *Simpson;* and that he paid and satisfied said judgment and the costs thereon, amounting in the whole to 58 dollars and 26 cents. This plea was demurred to and the demurrer sustained. The cause was then submitted to the Court for trial upon the plea of payment, in support of which the defendant below offered to introduce in evidence the files of papers showing the proceedings in the attachment suit before the justice. This evidence was rejected, and judgment being rendered for the plaintiff in the Circuit Court, the defendant appealed.

The appellant assigns as errors upon this record, that the Circuit Court erred in sustaining the demurrer to his second plea, and in rejecting the evidence of the proceedings in the attachment case, offered by him under the plea of payment.

If the payment made by the appellant, in consequence of the proceedings in the attachment suit, constituted a good defence to this action, or a payment of so much of the debt due by his testator to *Birchard*, it must be upon the general principle that he is entitled to a credit for paying a debt of *Birchard* which he was legally obliged to pay. A voluntary payment of money in discharge of the debt of another, unless made at the party's request or by his direction, it will scarcely be contended, will bind the party for whom the debt is paid. To constitute a valid claim against the latter, the payment must be for some legal demand which could not be resisted.

A garnishee in attachment is not bound to superintend a defence for the principal debtor, and is not answerable for such defects and irregularities in the proceedings as relate only to the mutual rights of the original parties to the attachment suit, but he should know that the proceedings against himself are valid and such as he is legally compelled to obey; for otherwise, such proceedings being in their nature *ex parte* so far as the attachment debtor is concerned, they are no evidence of any request either express or implied on the part of the latter.

In this case the plea does not state, nor do the proceedings offered in evidence show with certainty, that the debt con-

May Term, 1847.

fessed by the appellant as garnishee was the same debt sued for in this action. The plea alleges that the garnishee admitted that he owed the attachment debtor about 85 dollars as executor, &c.; but it does not aver that it was the debt due *Birchard* as assignee of the note now sued upon. The plea was, therefore, defective for that reason, and the same objection is applicable to the papers offered in evidence.

But there is another objection to the validity of the defence set up. Prior to the passage of the Revised Statutes of 1843, which were not in force when the appellant was summoned as a garnishee in the attachment suit, justices of the peace had no jurisdiction in actions in which executors or administrators were defendants. *Simonds* v. *Colvert*, 2 Blackf. 413. The proceedings of the justice, therefore, summoning him as a defendant, and requiring him to answer in his representative capacity, were *coram non judice*, and the satisfaction of the judgment rendered on that occasion, must be regarded as merely voluntary on the part of the executor. He was under no legal obligation to obey such proceedings, and his doing so could not be interposed as a defence to the plaintiff's recovery below.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. Collins, W. Quarles,* and *J. H. Bradley,* for the appellant.

*H. P. Thornton,* for the appellee.