WILLEY *v.* STRICKLAND.

WILLEY
v.
STRICKLAND.

The civil jurisdiction of a justice of the peace is all conferred by statute: at common law he was only a conservator of the peace.

There is no presumption in law that a justice in a foreign state can render a judgment in a civil action.

A declaration setting up such a judgment, without showing that the justice had jurisdiction of the cause, was, under the old practice, bad on general demurrer.

But where such declaration was filed before the civil procedure act of 1852 took effect, and an answer was filed after it was in force,—*held*, that section 83 cured the defect.

Still, if the declaration was silent on the subject, and the answer alleged affirmatively a want of jurisdiction, and the reply did not traverse that averment, the defendant was entitled to a judgment on the pleadings.

And if the answer merely denied the jurisdiction, the plaintiff should have proved the facts which confer it.

APPEAL from the *Lake* Circuit Court.

Tuesday,
January 13,
1857.

GOOKINS, J.—*Strickland* declared against *Willey* in debt, on a judgment of the County Court of *Cattaraugus* county, in the State of *New York*, and also on a judgment of a justice of the peace of said county. The declaration was filed before the present .code of practice was in force. An answer was filed under the code, in which the defendant- averred that he had *no notice of* the suits in the complaint mentioned; that he did not appear thereto; that no process was served upon him; and that neither the said Court or justice had jurisdiction of either of said causes. The plaintiff replied that the defendant did appear, &c. The Court tried the cause, found for the plaintiff, refused a new trial, and gave judgment accordingly. The record contains the evidence.

Evidence was given of. only one judgment, which appeared to have been rendered by a justice of the peace, and a transcript of it filed in the County Court. The plaintiff's evidence consisted of a duly certified transcript from the County Court of the judgment, as it appeared of record there, as follows:

"State of *New York*, *Cattaraugus* county, Justice's

Court. *William Strickland* against *George Willey*. Judgment rendered for the plaintiff against the defendant *January* 22, 1844. Judgment for plaintiff, damages 88 dollars and 4 cents. Costs 6 dollars and 40 cents. Transcript 25 cents.

"I certify the above to be a true copy of a judgment now on record in my office, rendered by and before me, and now remaining unsatisfied upon my docket. *Henry Foot*, Justice of the peace."

The defendant gave in evidence a deposition, for the purpose of proving that he did not appear to the action.

This was all the proof offered by either party.

The first question is, what is the effect of these pleadings? The count in the declaration which set forth a judgment before a justice of the peace, which was the one to which the proof applied, would have been bad on general demurrer, because it did not show that the justice had any jurisdiction of the cause. It does not even aver that he had; but more than that was necessary. There is no presumption in law that a justice of the peace of a foreign state has jurisdiction to render judgment in a civil action. *Cone* v. *Cotton*, 2 Blackf. 82. At common law, a justice was only a conservator of the peace. All civil jurisdiction is conferred upon justices by statute, and the justice's court is a court of special and limited jurisdiction. *Thomas* v. *Winters*, 4 Blackf. 161.—*Cleveland* v. *Rogers*, 6 Wend. 438.—*Brickley* v. *Heilbruner*, 7 Ind. R. 488.—*Gregg* v. *Wooden, id.* 499.

But it is provided that in actions already commenced, the pleadings and other proceedings shall, as far as practicable, conform to the provisions of the code. 2 R. S. p. 223, s. 799. And a further statute enacts that in pleading a judgment or decision of a court or officer of special jurisdiction, it shall be sufficient to allege generally that the judgment or decision was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial. 2 R. S. p. 45, s. 83.

This statute cured the defect in the declaration, which

when answered to, was sufficient; but still it was competent for the defendant to deny the jurisdiction; which he did in his answer. Under this section, inasmuch as the plaintiff avers nothing on the subject of jurisdiction, it is proper, perhaps, for the defendant to allege affirmatively the want of it; and if the allegation in the answer that the court which rendered the judgment had no jurisdiction of the cause, is to be so viewed, the defendant should have had judgment on the pleadings (2 R. S. p. 121, s. 372); for the reply did not traverse that averment, but simply alleged jurisdiction of the person, to-wit, that the defendant had appeared, and the want of jurisdiction of the cause stood admitted for the purposes of the action. 2 R. S. p. 44, s. 74.

Section 372 above referred to, is as follows: "Where upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be to rendered by the court, though a verdict has been found against such party." The object of this section seems to have been to cover two cases known to the former practice—one growing out of the defective pleadings of the plaintiff, and the other out of those of the defendant. At common law, although the plaintiff may have obtained a verdict, yet if his pleadings were so defective that judgment could not be given upon them, judgment would be arrested; because the verdict being responsive to the issue, could find nothing that was not alleged. In like manner, if the defendant by plea admitted the plaintiff's action, but did not avoid it, notwithstanding he obtained a verdict, the plaintiff was entitled to judgment *non obstante veredicto;* because, as before, the verdict being responsive to the issue could find nothing but what was averred; and the plaintiff's action stood admitted and remained undefended.

The code provides for neither of these cases, except by the above section, according to which, as we have seen, the defendant was entitled to judgment on the pleadings.

But if the averment in the answer, that the Court

Nov. Term,
1856.

had not jurisdiction of the cause, be regarded as a mere denial, the same result will follow; for under the 83d section above quoted, the plaintiff was bound to prove on the trial the facts which conferred the jurisdiction. Having failed in this, the evidence was insufficient, and a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to permit the parties to amend their pleadings.

*A. L. Osborn,*for the appellant (1).

