### RICHARDSON *v.* HICKMAN *et al.*

PLEADING.—An answer, which states facts constituting a bar to a part only of a cause of action, is bad on demurrer, if it be pleaded in bar of the whole cause.

PLEADING—JUDGMENT OF JUSTICE.—A complaint or answer, based upon the transcript of a judgment of a justice of the peace of another State, should aver "that the judgment or decision was duly given or made," or equivalent facts. This is necessary where the judgments are against garnishees in attachment as well as in ordinary cases.

ATTACHMENT—PAYMENT BY GARNISHEE.—If the Court have jurisdiction of the subject and the parties, a payment on execution under

Richardson *v.* Hickman et al.

its judgment will protect the garnishee, though the judgment may have been irregular and reversible on error; and a reversal of it by the defendant for irregularity, after payment by the garnishee, will not invalidate the payment. The garnishee should see to it that the Court has jurisdiction.

APPEAL from the *Jay* Circuit Court.

PERKINS, J.—Suit to foreclose a mortgage. The defendant answered:

1. The general denial.

2. Payment.

3. That *Richardson*, the plaintiff, was indebted to *Alfred McDaniel*, in the State of *Ohio;* that *McDaniel* sued *Richardson*, in that State, by attachment against his property, he being a non-resident, before a justice of the peace; that *Laban Hickman*, the male defendant, was garnisheed, in that proceeding, as a debtor of *Richardson*, and ordered to pay, and did pay, on said order, to the justice, 93 dollars and 70 cents, &c.

A demurrer to this answer was overruled. Issues were formed and tried, and the defendants had judgment. On the trial the Court permitted the record of the proceedings and judgments before the *Ohio* justice to be read in evidence, over the objection of the defendants. The proper exceptions were taken.

The third paragraph of the answer was bad for these reasons:

1. It purported to go in bar of the whole cause of action, when it constituted, if well pleaded, but a bar to a part of that cause.

2. It did not set out the facts showing the jurisdiction of the justice, nor aver that his judgments or decisions were duly given or made. *Crake* v. *Crake*, 18 Ind. 156. This is as necessary where such judgments are relied upon as grounds of defence, as where they are relied on as causes of action.

And it is as necessary where the judgments are against garnishees in attachment as where they are defendants in ordinary suits.

In Drake on Attachment, sec. 711, it is said, in speaking of payment by garnishees upon judgments against them, that "the judgment under which the payment was made must have been rendered by a Court having legal jurisdiction of the subject matter and the parties. If there be a defect in this respect, the payment will be regarded as voluntary, and, therefore, unavailing." "If, however, the Court have jurisdiction of the subject matter and the parties, a payment on execution under its judgment will protect the garnishee, though the judgment may have been irregular and reversible on error; and a reversal of it by the defendant for irregularity, after payment by the garnishee, will not invalidate the payment." To these propositions numerous authorities are cited; and among them, *Hamon* v. *Birehard*, 8 Blackf. 418. See, also, *Schoppenhast* v. *Bollman et ux.*, 21 Ind. p. 289.

The garnishee must see to it, when he is summoned as such, that it is a case where the Court has jurisdiction. See *Beard* v. *Beard*, 21 Ind. p. 321.

The answer being bad, the evidence under it, was improperly before the jury. See *Crake* v. *Crake*, *supra*.

The evidence given under it was not, except a part of it, admissible under either of the other issues, and that part did not sustain either of them on the part of the defence. The evidence that *Hickman* paid the money to the justice tended to establish one fact, or link in a chain of facts, that, all being established, might have proved payment. For example, if *Hickman* proved that he paid the money to the justice for *Richardson's* use; that the justice paid it to *Richardson's* creditors, and *Richardson* had requested, or perhaps approved such payment, &c., the answer of payment might, to the ex-

tent of the payment thus made, have been supported by the proof, independent of the judgment.

As it is, the judgment must be reversed. It is, also, objected, that the transcript, illegally in evidence for the reason assigned, was not admissible, because not properly authenticated. This defect can be remedied, if it exists, before the next trial. The statute as to the mode of authentication is plain, and can easily be complied with. 2 G. & H. pp. 181, 182, and notes.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*Walter March,* for the appellant.