The Toledo, Wabash, and Western Railway Co. *v.* McNulty.

————◆————

## THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY *v.* McNULTY.

JURISDICTION.—*Justice of the Peace.— Collateral Proceeding.— Pleading.—· Evidence.*—Where the judgment of a justice of the peace of another state is relied upon as a cause of action or as a ground of defense, it must be alleged, generally, that the judgment or decision was duly given or made, as authorized by section 83 of the code, or the facts showing the jurisdiction and authority must be specially set forth; and in either case, where the allegation of jurisdiction is denied, the facts which authorized the exercise of jurisdiction must be proved.

SAME.—*Copy of Judgment.—Demurrer.*—Where a judgment is relied upon as a cause of action or as a ground of defense, and a copy of the judgment filed with the pleading in which it so relied upon shows upon its face that the judgment is invalid, a demurrer to the pleading is properly sustained, unless the allegations of the pleading would warrant the introduction of extrinsic evidence which would render the judgment valid.

SAME.—*Justice of the Peace.*—A justice of the peace has no common law jurisdiction in civil cases; his powers in that regard are statutory.

SAME.—*Garnishment.*—Suit for work and labor. Answer, that the defendant had been adjudged to pay a part of the amount of the plaintiff's claim, as garnishee, at the suit of a third person, before a justice of the peace of another state named, the defendant offering to confess judgment for the residue of the plaintiff's claim. The transcript of the proceeding before said justice and certain statutes of said state were filed with the answer, from which it did not appear that there was any notice to the defendant in the principal action before said justice; but it appeard that the money was paid voluntarily, before judgment against the principal defendant, and upon an insufficient affidavit against the garnishee.

*Held*, that the answer was bad on demurrer.

APPEAL from the Allen Common Pleas.

DOWNEY, J.—This was a suit by McNulty against the railway company for work and labor.

The company answered, first, the general denial; second,

that they had been garnished, at the suit of one John Harris, before a justice of the peace, at Toledo, in the State of Ohio, and adjudged to pay a part of the amount which had been due to the plaintiff in this suit, in payment of a claim of said Harris.   They make the proceedings before the justice of the peace of Toledo, and certain sections of the statutes of Ohio on the subject, part of the second paragraph of their answer. The company offered to confess judgment for the residue of the plaintiff's claim and costs.

A demurrer to the second paragraph of the answer was sustained, and there was an exception taken.   Case tried by the court, and judgment for the full amount of the plaintiff's claim.

Several errors are assigned, but the only one properly presented relates to the action of the court in sustaining the demurrer to the second paragraph of the answer.

Where the judgment of a justice of the peace of another state is relied upon as a cause of action, or as ground of defense, it must be alleged, generally, that the judgment or decision was duly given or made, as authorized by sec. 83, 2 G. & H. 107, or the facts showing the jurisdiction and authority must be specially set forth.   *Willey* v. *Strickland*, 8 Ind. 453.

In either case, where the allegation of jurisdiction is denied, the facts must be shown, which authorized the exercise of jurisdiction.   2 G. & H. 107, sec. 83.

In alleging a judgment as a cause of action, or as ground of defense, the rule established by this court requires a copy of the judgment to be filed with the pleading in which it is asserted.   *Ringle* v. *Weston*, 23 Ind. 588, and cases there cited.

Where a copy of the record is thus filed with the pleading, and it shows, upon its face, that it is invalid, a demurrer to the pleading is properly sustained, unless the allegations of the pleading would warrant the introduction of extrinsic evidence which, being adduced, would render the judgment valid.

A justice of the peace has no common law jurisdiction in civil cases. His powers in that regard are statutory. He can act only in those cases, and in that manner, authorized by statute. *Willey* v. *Strickland, supra.*

The copy of the judgment filed with the answer in this case fails to show any notice to the defendant in the principal action. As the court of a justice of the peace is a court of limited jurisdiction, the presumption which is indulged with reference to the judgments of courts of general jurisdiction cannot apply.

That part of the transcript of the justice of the peace relating to notice to the defendant is as follows: "April 12th, 1866, case called, plaintiff present, defendant absent. Whereupon, cause was continued to the 24th day of May, A. D. 1866, for publication and appearance of defendant." "May 24th, 1866, cause called, plaintiff present, defendant absent, trial had," &c.

We must presume that the statute of Ohio does not authorize the rendition of judgment against a party, even though a non-resident, without some notice to him. That notice was given ought, in a proceeding before a justice of the peace, affirmatively to appear. *Cone v. Cotton,* 2 Blackf. 82.

A section of the statute of Ohio, set out in the answer, provides, that the garnishee "may pay the money owing to the defendant by him, to the constable having the order of attachment or into the court. He shall be discharged from liability to the defendant, for any money so paid, not exceeding the plaintiff's claim." And it appears from the transcript that the railroad company paid the amount necessary to satisfy the plaintiff's claim and the costs, before any judgment was rendered against the defendant.

This was not a compulsory payment. It was not made in consequence of any judgment rendered. It was optional with the railroad company. She was not bound to pay until there was a judgment against the defendant, and also a judgment against her as garnishee requiring the payment to be made.

The affidavit required by the Ohio statute in case of garnishment is not set out in the transcript. There is only the statement of the justice of the peace in the transcript as to what it was, and this statement does not show that it contained all that the Ohio statute requires. The statute requires that the affidavit shall show that the garnishee is "within the county where the action is brought." Nothing appears on this point in what is said about the affidavit. Mr. Drake, in his work on attachment, after referring to the cases, says: "It follows hence, that a garnishee must, for his own protection, inquire, first, whether the court has jurisdiction of the defendant, and next, whether it has jurisdiction of himself. If the jurisdiction exists as to both, he has no concern as to the eventual protection which the judgment of the court will afford him; it will be complete." Sec. 695.

This money was paid voluntarily, when the justice of the peace had obtained no jurisdiction by giving any notice to the defendant, and upon an insufficient affidavit against the garnishee.

We think the demurrer to the second paragraph of the answer was correctly sustained.

The judgment is affirmed, with costs.

*W. Z. Stuart*, for appellant.
*W. Leach*, for appellee.