THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* ALVEY.

ATTACHMENT.—*Garnishee.*—A payment by a garnishee to a justice of the peace who had jurisdiction of the subject and the parties, in an attachment proceeding, is a defence to a suit by the attachment defendant against such garnishee for the same debt, although such attachment proceeding as between the creditor and debtor was irregular and reversible.

SAME.—Where the defendant in attachment is personally present in court, the garnishee is not required to question the jurisdictional legality of the proceedings or their regularity as to the defendant, nor is he in a condition to do so.

SAME.—Where the defendant in attachment is not personally before the court, the garnishee is required to examine and know that the court has jurisdiction of the subject of the action.

From the Knox Common Pleas.

*W. H. DeWolf* and *T. Gazlay,* for appellant.

*C. M. Allen, N. Usher,* and *W. R. Gardner,* for appellee.

BUSKIRK, J.—In this case but a single error is assigned. The action was upon an account for work and labor, the appellant being the defendant and the appellee the plaintiff. The appellant answered in three paragraphs: 1. The general denial. 2. Payment. The third paragraph alleges that suit was commenced by one James C. Montgomery in attachment against the appellee, before a justice of the peace of Hamilton county, in the state of Ohio; that in said proceeding the appellant was summoned as garnishee, and appeared and answered, stating the sum that the appellant owed the appellee; that by the order of the justice of the peace, the appellant as such garnishee paid to that officer the amount of such indebtedness; and that as a part of said paragraph there was filed a transcript, duly authenticated, of all the proceedings had before the justice, and also a copy of the law of the state of Ohio conferring upon justices of the peace in that state the jurisdiction, and prescribing the practice, in proceedings in attachment.

A demurrer was sustained to the third paragraph of the answer, to which ruling an exception was taken. The cause

The Ohio and Mississippi R. W. Co. *v.* Alvey.

was submitted to the court for trial, and resulted in a finding for appellee; and, over a motion for a new trial, judgment was rendered on the finding. The appellant has assigned for error the sustaining of the demurrer to the third paragraph of the answer, and this presents the only question for our decision.

The appellee has not furnished us with any brief, and consequently we are not informed as to what objections were urged in the court below to the sufficiency of the third paragraph of the answer; but we are informed by the brief of counsel for appellant, that it was insisted in the court below that the proceedings in the attachment suit were irregular, but in what respect we are unadvised.

We have carefully examined the law of the state of Ohio and the proceedings in attachment, and are satisfied that there was a substantial compliance with the law as it respects the appellee, and there seems to have been a strict compliance with the law as regards the appellant.

Section 2 of paragraph 7 of the statute confers upon justices of the peace authority to issue attachments and proceed against the goods and effects of a creditor in certain cases.

Section 28 prescribes what circumstances shall exist to entitle the plaintiff to an order for an attachment.

Section 37 provides when the order or summons may issue against a garnishee.

Section 38 prescribes the manner of the service upon the garnishee.

By section 39, the garnishee is required to appear before the justice and answer.

By section 40, it is provided, that the garnishee may pay the money owing to the defendant to the constable serving the summons, or into the justice's court, and, thereupon, he shall be discharged from any liability to the defendant for any money so paid, not exceeding the plaintiff's claim.

Section 42 authorizes the justice to order and compel the

garnishee to pay into court the money due from him to the defendant.

It sufficiently appears from the copy of the statute of Ohio and of the proceedings in attachment, that the justice had jurisdiction of the subject and of the parties in said proceedings in attachment. In such case the garnishee is protected, although the proceedings as between the creditor and debtor are irregular and reversible. Where the defendant in attachment is personally present in court, the garnishee is not required, nor is he in a condition to question the jurisdictional legality of the proceedings, or their regularity as to the defendant; but where the defendant is not personally before the court, the garnishee is required to examine and know that the court has jurisdiction of the subject of the action. *Harmon* v. *Birchard,* 8 Blackf. 418; *Crake* v. *Crake,* 18 Ind. 156; *Schoppenhast* v. *Bollman,* 21 Ind. 280; *Richardson* v. *Hickman,* 22 Ind. 244; *Beard* v. *Beard,* 21 Ind. 321; Drake Attach., sec. 711; *Ryan* v. *Burham,* 42 Ind. 507.

It seems to be well settled by the above cited authorities, that the third paragraph of the answer constituted a defence to the action, and that the court erred in sustaining the demurrer thereto.

The conclusion reached in this case is not in conflict with the ruling in the case of *The Toledo, Wabash, and Western Railway Co.* v. *McNulty,* 34 Ind. 533.

In that case the money was paid by the garnishee voluntarily and without any order of the court, while in this the payment was compulsory, the garnishee being required by the order of the court to pay the money admitted to be owed into court.

In that case the affidavit required by the Ohio statute was not set out in the transcript, but in this the affidavit is in the transcript and complies with the requirements of the statute.

In that case it was not shown that the garnishee was "within the county where the action is brought," as is

required by the Ohio statute. In this case it was shown that the garnishee was a corporation organized by the laws of the states of Ohio, Indiana, and Illinois, and that the principal office of such corporation was in the city of Cincinnati, county of Hamilton, and state of Ohio, that being the county where the action was brought.

In that case no process was served or publication made as to the principal defendant, while in this there was publication made of the pendency of the action.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and to overrule the demurrer to the third paragraph of the answer, and for further proceedings in accordance with this opinion.