## BAKER *v.* FLINT

TRESPASS.—*Answer.—Husband and Wife.—Principal and Agent.—Attachment suit before Justice of the Peace of Foreign State.—Law of Foreign State.—Jurisdiction.*—In an action for damages for the unlawful taking and conversion, in this State, of a chattel, the defendant answered, alleging, that, in the absence of the plaintiff, who had absconded, he had taken possession of the chattel in this State, at the request of the plaintiff's wife, and that, while it was in his possession, in another State. the same was attached and sold in an action instituted by the defendant and other attaching creditors, against the plaintiff, before a justice of the peace of such State, a copy of which proceedings was made part of the answer.

*Held*, on demurrer, that the statute of the foreign State, authorizing suits in attachment, before a justice of the peace, should have been made part of the answer, that the authority of the wife to so deliver such chattel to him should have been averred, and that the answer is insufficient.

From the Union Circuit Court.

*J. C. McIntosh* and *P. Smith*, for appellant.

*J. Yaryan*, *J. L. Yaryan* and *J. W. Conaway*, for appellee.

PERKINS, J.—Complaint as follows:

"Mahlon Flint complains of John Baker, and says, that, on the 18th day of January, 1876, at the county of Union

aforesaid, the defendant without cause, and unlawfully and wrongfully, took and converted to his own use the following property of the plaintiff, and has not returned the same; that is to say, one horse, of the value of one hundred and fifty dollars," to the plaintiff's damage in that amount, for which he prays judgment, etc.

The defendant answered thus:

" He admits that a horse of the plaintiff came into his possession on or about the —— day of January, 1876, but denies the wrongful taking of said horse as alleged in the complaint, and says, that, prior to the time said horse came into his possession as aforesaid, said plaintiff had absconded and abandoned his home in said county, and had left said horse in the possession and care of Mrs. Flint, his wife; and defendant says he took possession of said horse with the consent and at the request of said Mrs. Flint; that, while said horse was so in possession of defendant as aforesaid, at the county of Butler and State of Ohio, proceedings in attachment were instituted against the property of said plaintiff, before James Crawford, a justice of the peace in and for the county of Butler and State of Ohio, a court of competent jurisdiction to hear and determine such proceedings under the laws of the State of Ohio, and that such proceedings were had before said justice, that said horse was, under and by virtue of a writ or writs of attachment, taken from the possession of the defendant, to which proceedings the plaintiff appeared; and afterward, in compliance with and pursuant to the judgment of said justice, it [said horse] was sold to pay and discharge the debts of said plaintiff, due to his attaching creditors in said proceedings, copies of which are filed herewith and made part hereof."

Then follow transcripts of the proceedings and judgments in attachment before Justice Crawford, in the suits of *William H. Johnson* v. *Mahlon Flint*; *The Oxford Lum-*

*ber Company* v. *Mahlon Flint;* and *John Baker* v. *Mahlon Flint.*

No copy of the statute of Ohio, relating to the jurisdiction of justices of the peace, was made a part of the answer.

The answer was demurred to for want of facts; the demurrer was sustained, and exceptions entered.

The defendant elected to stand upon his demurrer, declined to answer further, and the plaintiff had judgment.

The error assigned is, that the court erred in sustaining the demurrer to the answer.

It does not appear, from the answer, that Mr. Flint gave his wife any authority to transfer the possession of the horse in question to a third person; nor does it appear that the removal of the horse from the State was within the power, over the animal, attempted to be conferred by Mrs. Flint.

As the horse was admitted in the answer to have been the plaintiff's at the time of taking by Baker, and no authority is shown for the removal of the same to Ohio, such removal appears to have been tortious, and is in no manner justified by the answer.

The answer, setting up a sale on the Ohio judgments above mentioned, did not aver, that the judgments were duly given or made, as required by section 83 of the code of practice. Such being the case, it was necessary to the validity of the answer, that it should set out " facts showing the jurisdiction and authority of the justice to render such judgments." *The Toledo, etc., R. W. Co.* v. *McNulty,* 34 Ind. 531. No such facts were set forth in the answer. A copy of the law of Ohio, authorizing such judgment and sale, would have been an appropriate mode of showing such facts. The proceedings in the attachment suits, in connection with the facts that they were instituted, immediately on the arrival in Ohio with

the horse, by Baker, being the next day after he got possession in this State, that he was the principal attaching creditor, and said horse the principal property attached, and he, Baker, the principal recipient of the proceeds of its sale, after paying costs, and that no bond on procuring the attachment appears to have been filed, might lead to a pretty strong inference that the possession of the horse was obtained from Mrs. Flint, and the animal removed to Ohio, in bad faith; but we hold the answer clearly bad on its face, in connection with the exhibits made a part thereof. See *The Ohio, etc., R. W. Co.* v. *Alvey,* 43 Ind. 180.

No valid excuse, no legal justification, for failing to return or account for the horse, is shown.

The judgment is affirmed, with costs.