No. 10,396.

### NEWMAN v. MANNING.

JUDGMENT.—*Evidence.*—*Jurisdiction.*—*Former Recovery.*—*Record of Justice.*— The record of a judgment of a justice of the peace, or other court of inferior and limited jurisdiction, in order to be valid evidence of a former recovery, must show affirmatively that jurisdiction was acquired.

SAME.—*Attachment.*—*Garnishment.*—*Notice.*—*Publication.*—In an attachment case before a justice of the peace, wherein the summons against the principal defendant has been returned unserved, and no property has been attached, there can not be entered a valid judgment against a garnishee until after due notice by publication to the principal defendant has been had; and that it has been had must be shown by the record.

SAME.—In such case, the record being silent, it is not competent to supplement it by proof that the proper notice was published, and that the principal defendant had knowledge of the action before judgment was taken against the garnishee.

PRACTICE.—*Depositions.*—Motions to quash depositions should be made before the commencement of the trial.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*L. M. Campbell,* for appellee.

WOODS, C. J.—This is the second appeal in this case. See *Newman* v. *Manning,* 79 Ind. 218. No change has been made in the pleadings except that on the return of the case to the circuit court the demurrer to the second paragraph of the reply was sustained. The second finding and judgment were for the appellee, the amount of the recovery being $171. The principal question to be considered is whether or not the finding is contrary to the evidence.

The burden of the issue was upon the appellant. His effort was to show that he had been compelled to pay the amount due upon the note in suit upon certain judgments in garnishment before he had notice of the assignment to the plaintiff.

The evidence fails to make out a complete defence, because some of the judgments against him as garnishee were rendered by a justice of the peace who did not acquire jurisdiction.

The doctrine is well settled that the record of a judgment, rendered by a justice of the peace or other tribunal of inferior and limited jurisdiction, in order to be valid, must show affirmatively that jurisdiction was acquired. *Wilkinson* v. *Moore*, 79 Ind. 397; *Nicholson* v. *Stephens*, 47 Ind. 185. And where, as in this case, in a proceeding in attachment before a justice of the peace, the summons against the principal defendant is returned without service, and no property has been attached, there can not be a valid judgment against a garnishee defendant until after notice by publication to the principal defendant, and that such publication has been had should be shown by the record of the judgment. *Ohio, etc., R. W. Co.* v. *Alvey*, 43 Ind. 180; *Toledo, etc., R. W. Co.* v. *McNulty*, 34 Ind. 531; *Andrews* v. *Powell*, 27 Ind. 303; *Johnson* v. *Johnson*, 26 Ind. 441; *Richardson* v. *Hickman*, 22 Ind. 244; *Schoppenhast* v. *Bollman*, 21 Ind. 280; *Harmon* v. *Birchard*, 8 Blackf. 418. It follows that there was no error in excluding testimony offered for the purpose of showing that the proper notice was in fact published, and that the principal defendant had actual knowledge of the action before judgment was taken against the appellant as garnishee.

The objections made to the reading of certain depositions because irrelevant and incompetent were properly overruled.

The depositions were competent, and, if it had been otherwise, there should have been a motion to quash before the trial was entered upon. *McGinnis* v. *Gabe*, 78 Ind. 457; *Truman* v. *Scott*, 72 Ind. 258.

Judgment affirmed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.