Filed Feb. 12, 1889.

No. 13,596.

## EMERY ET AL. *v.* ROYAL.

JUSTICE OF THE PEACE.—*Judgment.*—The conclusion of a justice of the peace in a case tried before him is not a judgment until it is entered of record.

SAME.—*Attachment.*—*Judgment Against Garnishee.*—If the only judgment rendered against an attachment defendant is a personal one, the garnishee defendant must be discharged, and any judgment against him is void.

SAME.—*Payment of Money by Garnishee.*—*Negligence.*—It is the duty of a garnishee defendant before paying money to know that a proper judgment has been rendered; and if through his negligence he sustains loss, he must bear it.

SAME.—*Illiterate Person.*—*Examination of Records.*—Reasonable diligence requires that a person who can not read shall procure one who can read to examine the record to ascertain whether or not a judgment has been rendered against him.

COMPROMISE.—*Nudum Pactum.*—Where a compromise is agreed upon, and one party agrees to pay the other a certain sum in satisfaction of a claim which the latter is making against the former, there must be some foundation for the claim, or the agreement is a *nudum pactum*, and not enforceable.

SAME.—*Garnishment.—Justice of Peace.— Liability on Bond.*—Where one summoned as a garnishee in a proceeding before a justice of the peace, assuming that a judgment has been rendered against him, when in fact there is none, voluntarily pays to the justice the amount of a promissory note which he owes to the principal defendant, and afterwards has to pay the amount of the note to an assignee thereof, in the absence of fraud he has no cause of action upon the justice's bond, and a compromise agreement made by the justice and his sureties to repay him the amount recovered by the assignee is without consideration, and not enforceable.

From the Greene Circuit Court.

*J. D. Alexander, H. W. Letsinger, A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellants.

*W. W. Moffett* and *C. E. Davis,* for appellee.

BERKSHIRE, J.—The appellee recovered judgment in the court below for $90.50.

There are several errors assigned.

The first and only one which we shall consider is, that the court erred in overruling the demurrer to the complaint. The complaint is in two paragraphs.

The following is the substance of the first paragraph : The appellant Emery was a justice of the peace in Jackson township, Greene county, Indiana, and the other appellants sureties on his official bond ; that an action was commenced by one Dukes against one Hamblin before said justice, together with attachment proceedings, and that the appellee and one Fry were summoned as garnishees ; that such proceedings were had before said justice that, on the 5th day of July, 1881, judgment was rendered against said Hamblin for $37 and costs, in all $50, and against the appellee and Fry for $51 ; that the judgment against appellee and Fry was upon a note which they had executed to one Crow, and which the said justice in said action determined to be the property of the said Hamblin ; that the appellee was the principal in said note and Fry his surety ; that, as principal, he paid the said judgment in full against Fry and himself to said justice ;

that said justice wholly failed to enter the said judgment against appellee and Fry upon his docket, and the evidence thereof was not preserved for appellee's protection; that the said note afterwards came into the hands of a firm known as McKee Bros., who brought suit thereon against the appellee and said Fry; that the appellee, being unable to read writing, was ignorant of the fact that said judgment had not been recorded; that because of the failure of said justice to make a record of said judgment so rendered against the appellee, he was without evidence thereof, and because of such want of evidence the McKees recovered a judgment against him for $72, including costs, and he was compelled to pay $20 attorney fees in defence of said action; that he notified the appellants that he intended to sue them upon the official bond of said justice because of said breach of duty by the said justice, unless speedy compensation was made to him; that the appellants asked for time to consider the matter before deciding as to what they would do, to which the appellee assented; that afterwards the appellants notified the appellee that they had had a consultation, and taken the advice of counsel, and were willing to pay to him an amount equal to the judgment, including costs, recovered by the McKees, and $15 of the amount expended by him in the employment of counsel to defend said action, in all $92.50, if he would abandon his right of action on said bond and refrain from bringing suit; that he accepted said proposition, abandoned his right of action, and did not institute said suit.

The second paragraph is substantially like the first, with some additional allegations. It alleges that the said justice informed the appellee that he had rendered judgment against said Hamblin, Fry and the appellee, in favor of said Dukes, for the full amount of said note—$51; that in this statement the said justice made a mistake; that he had rendered no judgment against the appellee and Fry; that the appellee being unable to read, and knowing that the said justice usually entered his judgments on his docket, did not examine

the same, but relied on what the justice told him, and, acting upon the mistaken impression thus formed, and being the principal in the said note, paid to the said justice for said Dukes, on said supposed judgment, said sum of $51, on the — day of September, 1881, and that said justice, acting under the impression that he had rendered said judgment, accepted and received said money as payment on said supposed judgment; that the appellee did not discover that said judgment had not been recorded until after the McKees sued him on said note, in which action they recovered a judgment against him, which, together with his attorney's fees, amounted to $94.

The demurrer is not separate to each paragraph, but is a demurrer to the whole complaint, the cause of demurrer being that the complaint does not state facts sufficient to constitute a cause of action.

In this instance the form of the demurrer does not become material, because if one paragraph of the complaint is bad the other is necessarily so.

This action is not brought on the official bond of the justice, but is grounded upon an agreement of compromise which it is claimed the parties entered into.

The first question that presents itself is, whether the allegations of the complaint show the appellee to have been the holder of such a claim or demand, the release or abandonment of which afforded to the appellants a valuable consideration for the obligation which it is averred they entered into; if not, then the complaint was bad, and the court should have sustained the demurrer thereto.

Justices courts are courts of limited and inferior jurisdiction; this is well settled in Indiana, and probably in all of the other States.   In Indiana they have only such jurisdiction as the statute gives to them, and in each case facts necessary to jurisdiction must affirmatively appear. *Newman* v. *Manning,* 89 Ind. 422; *Wilkinson* v. *Moore,* 79 Ind. 397; *Hopper* v. *Lucas,* 86 Ind. 43; *Doctor* v. *Hartman,* 74 Ind. 221; *Rich-*

*ards* v. *Reed*, 39 Ind. 330; *Ohio, etc., R. R. Co.* v. *Hanna*, 16 Ind. 391; *Willey* v. *Strickland*, 8 Ind. 453; *Hollingsworth* v. *Stone*, 90 Ind. 244.

Section 1489, R. S. 1881, reads as follows: "When a suit shall be dismissed, judgment confessed, the verdict of a jury returned, or the defendant be in actual custody, judgment shall be entered and signed immediately; in all other cases judgment shall be entered and signed within four days after the trial."

It is only by his record that the justice speaks; he may announce his conclusion, but until that conclusion is entered upon his docket and his signature affixed thereto, there is no judgment. *Board, etc.,* v. *Cutter*, 7 Ind. 6; *Rugle* v. *Weston*, 23 Ind. 588; *Galbraith* v. *Sidener*, 28 Ind. 142.

The complaint alleges that Justice Emery rendered a judgment against the appellee and Fry as garnishees but failed to record it. The allegation is self-destructive.

The averments in the complaint disclose the fact that the justice did not render a judgment against Fry and the appellee. And the facts as disclosed by the complaint further show, that had the justice rendered a judgment against the garnishees, his action would have been without authority of law and void.

Section 936, R. S. 1881, reads as follows: "Final judgment shall not be rendered against the garnishee until the action against the defendant in attachment is determined; and if the plaintiff fails to recover judgment either against the defendant or the garnishee, the garnishee shall be discharged and recover his costs."

From our understanding of the complaint, there was no judgment rendered by the justice in the attachment proceedings against the principal defendant.

As we understand the first paragraph of the complaint, the judgment that was rendered against Hamblin was a personal judgment.

And the averment in the second paragraph is to the effect

that the justice informed the appellee that he had rendered a personal judgment against all—that is, Hamblin, Fry and the appellee.

The rendition of a personal judgment against Hamblin, the principal defendant, without a judgment in the proceedings in attachment, was equivalent to a dismissal of the attachment proceedings. *Lowry* v. *McGee*, 75 Ind. 508 ; *Smith* v. *Scott*, 86 Ind. 346 ; *Wright* v. *Manns*, 111 Ind. 422.

After rendering the personal judgment against Hamblin, the justice had but one thing else to do, and that was to render a judgment discharging the garnishees and that they recover costs. If he did anything else, his proceedings were void for want of jurisdiction.

It was incumbent on the appellee before paying money to the justice to fully inform himself as to the kind of judgment which had been rendered against Hamblin, the principal defendant, and it is nowhere averred that he did not know. *Richardson* v. *Hickman*, 22 Ind. 244 ; *Schoppenhast* v. *Bollman*, 21 Ind. 280.

The appellee was bound to know the law, and to know, therefore, that if there was a personal judgment only against the principal defendant, there could be no valid judgment against him as garnishee.

But independent of the result as to the principal defendant, appellee was bound to know for himself that the proceedings were regular as to him and that a proper judgment had been rendered. *Harmon* v. *Birchard*, 8 Blackf. 418 ; *Newman* v. *Manning*, 89 Ind. 422 ; *Toledo, etc., R. W. Co.* v. *McNulty*, 34 Ind. 531.

The appellee having suffered loss because of a want of information as to a matter about which it was his duty to be informed, the loss sustained must be attributed to his own negligence, and he himself must bear it, unless some legal excuse is shown for his lack of information.

The complaint does not allege any legal excuse.

The facts alleged in the complaint do not amount to a

fraud, and no other excuse is suggested. It is true there is an allegation in the complaint that the justice informed the appellee that he had rendered a judgment against him, and that the appellee could not read, and relied on what the justice said to him, but this of itself comes far short of a fraud. Every misrepresentation or false statement does not constitute a fraud.

The law requires of every person the exercise of reasonable care and diligence in the ordinary affairs of life, and, failing in this, if loss ensues, he himself must bear it, and not another. *Dutton* v. *Clapper,* 53 Ind. 276; *Clodfelter* v. *Hulett,* 72 Ind. 137.

The use of reasonable diligence required that the appellee command the services of some one who could read to examine the justice's docket for him, and if the circumstances were such as to prevent him from so doing, the complaint should have alleged the circumstances.

There is no averment in the complaint that the appellee asked the justice to read from his docket and that the justice refused; nor is it averred that the justice knew of the appellee's inability to read, and purposely deceived him.

All adjustments by way of compromise must, like all other agreements, rest upon a valuable consideration or they can not be enforced.

Where a compromise is agreed upon, and one party agrees to pay the other a certain sum of money in satisfaction of a claim or demand which the latter is making against the former, there must be some foundation for the claim or demand, otherwise the agreement to pay will be a *nudum pactum;* not that there must be an unquestioned legal right, because in that event there would be no occasion to compromise; the claim or demand must be one the enforcement of which in the courts is doubtful. *Jarvis* v. *Sutton,* 3 Ind. 289; *Schnell* v. *Nell,* 17 Ind. 29; *Spahr* v. *Hollingshead,* 8 Blackf. 415; *Smith* v. *Boruff,* 75 Ind. 412; *Coy* v. *Stucker,* 31 Ind. 161;

*Kidder* v. *Blake*, 45 N. H. 530 ; *Pitkin* v. *Noyes*, 48 N. H. 294 ; *North* v. *Forest*, 15 Conn. 400 ; *Anthony* v. *Boyd*, 8 Atl. Rep. 701 ; *Emmittsburgh R. R. Co.* v. *Donoghue*, 67 Md. 383 ; *Demars* v. *Musser-Sauntry Land Co.*, 37 Minn. 418.

The claim or demand made by the appellee had no foundation to rest upon, either in fact or in law. The payment which he made to the justice was a voluntary payment. There was no writ or other process against his property, and, so far as the complaint shows, no one was even asking payment of him. *Toledo, etc., R. W. Co.* v. *McNulty, supra ; Richardson* v. *Hickman*, 22 Ind. 244 ; Drake Attachment, section 711.

The litigation with the McKees was because of the failure of the appellee to pay to them what was justly their due, and which should have been paid without suit.

The payment made by the appellee was not the result of mistake, either on his part or that of the justice ; the appellee intended to pay, and the justice intended to receive, the money.

We do not mean to be understood as intimating that, under any circumstances, a justice of the peace would be liable on his official bond on account of a false representation. We have not considered that question, as it does not become necessary in this case.

The facts stated in the complaint do not constitute a cause of action.

The judgment is reversed, with costs, and the court below directed to sustain the demurrer to the complaint.

Filed Feb. 12, 1889.