Debs *v.* Dalton *et al.*

No. 961.

DEBS *v.* DALTON ET AL.

GARNISHMENT.—*Jurisdiction.—Judgment and Payment, When Will Not Protect Garnishee.—Default of Garnishee a Confession of Liability.—Amount of Liability.—Practice.*—It is incumbent upon a garnishee defendant to see that the court has jurisdiction of the subject-matter and the person of the principal defendant; for, in the absence of such jurisdiction, a judgment against such garnishee and the payment thereof will afford him no protection, and where the judgment against the garnishee is taken by default, such default amounts to a confession by the garnishee of his indebtedness to the appellee, but not as to the amount; and evidence may afterwards be heard by the court as to the amount of such indebtedness.

JUDGMENT.—*By Default.—Question of Jurisdiction Not Waived.—How Raised.—Arrest of Judgment.—Appeal.*—Where a defendant fails to demur or answer to an action, and judgment is taken by default, jurisdiction of the court over the subject-matter or person is not waived thereby, but the question may be raised by motion in arrest of judgment, or by assignment of error on appeal.

JURISDICTION.—*Private Corporation.—Action Against.—Where Brought.*—An action against a private corporation for the recovery of money on a personal judgment previously rendered is a personal action, and may be brought in any county where the defendant has an agency connected with such business as the action grew out of.

ASSIGNMENT OF ERRORS.—*Jurisdiction on Appeal.*—The errors assigned give jurisdiction to the appellate tribunal, and without such an assignment, no question whatever can be considered; and errors not well assigned will be disregarded.

NEW TRIAL.—*When in Order.—Judgment by Default.*—A motion for a new trial is not in order where a judgment has been taken by default.

From the Clark Circuit Court.

*T. W. Harper* and *L. D. Leveque,* for appellant.

*J. K. Marsh,* for appellees.

REINHARD, J.—This action was instituted by the appellee Mary Dalton, against the Brotherhood of Loco-

Debs *v.* Dalton *et al.*

motive Firemen of North America as principal defendant, on a judgment obtained by said appellee against said corporation. The appellant, Debs, by proper proceeding in attachment, was made a garnishee defendant in the action. Judgment was taken by default against both the principal and the garnishee defendants, but at a subsequent term of the court, and before formal judgment was entered against the appellant, he and other garnishees were summoned to appear as witnesses, and were examined with reference to the question of money in the hands of said appellant belonging to said corporation. It was found and adjudged that appellant had in his hands, belonging to said corporation, funds sufficient to pay the judgment against the principal defendant, and he was ordered to pay the same on said judgment. No motion to set aside the default was made by said appellant, but he did make a motion for a new trial, which was overruled.

It is insisted that the record fails to show that the court below had jurisdiction of the principal defendant. It is doubtless the rule that a garnishee defendant must see that the court has jurisdiction both of the subject-matter and the person of the principal debtor, and, in the absence of such jurisdiction, the judgment against him and the payment thereof will afford him no protection. *Emery* v. *Royal*, 117 Ind. 299; *Newman* v. *Manning*, 89 Ind. 422; *Matheny* v. *Earl*, 75 Ind. 531; *Andrews* v. *Powell*, 27 Ind. 303.

The judgment entry recites that the principal defendant, "which is a foreign corporation, was duly and legally notified of this action by * * * summons being duly and legally served upon Albert Chambers more than ten days before the first day of the present day of this court, said day being the day upon which said defendant

was by said summons required to appear and answer to this action, and the said Chambers being, at the time said summons was served upon him, then and there the agent of said defendant   *   *   *   and then and there doing business for it and in its . name—no president or presiding or other officer, treasurer, secretary or clerk of said Brotherhood of Locomotive Firemen of North America being found in said county of Clark.''

It is provided by statute. that process against a corporation, domestic or foreign, may be served on the president, presiding officer, mayor, chairman of the board of trustees or other chief officer; or, if its chief officer is not found in the county, then upon its cashier, treasurer, secretary, clerk, general or special agent, etc. R. S. 1881, section 316.

It would seem that so far as the recital of the judgment record shows, the service was valid under the section cited.    *Western Union Tel. Co.* v. *Lindley,* 62 Ind. 371.

It is further contended, however, that the record affirmatively shows a want of jurisdiction, as the action was not brought in the proper county.    The affidavit in attachment discloses that the principal defendant is a foreign corporation.

In another section of the statute it is provided that actions against corporations which have an office or agency in any county for the transaction of business, if such action had grown out of or was connected with the business of such office, may be brought in the county where the office or agency is located, as though the principal resided therein.    R. S. 1881, section 309.

It is argued that the evidence discloses that the action grew out of, and was connected with, the business of mutual life insurance, and as it does not appear that the

Debs *v.* Dalton *et al.*

agency in which such business was transacted is located in the county of Clark, a want of jurisdiction is shown. In view of the conclusion we have reached, it will not be necessary for us to decide this question.

It is the further contention of appellant's counsel, that if this is a judgment by default, a mere recital of the service in the entry of the judgment is not sufficient, but that the summons itself must be set out in the record.

In this position the appellant seems to be sustained by the authorities. Elliott's App. Proced., sections 193, 716; *Woods* v. *Brown, Guar.,* 93 Ind. 164; *Fee* v. *State, ex rel.,* 74 Ind. 66; *Miles* v. *Buchanan,* 36 Ind. 490; *Cochnower* v. *Cochnower,* 27 Ind. 253.

Jurisdiction of the court over the subject-matter or person is not waived by failing to demur or answer, but the question may be raised by motion in arrest in the court below, or by assignment of error on appeal. 1 Works' Pr. and Pl., section 459.

Two errors have been assigned by the appellant in this court, viz:

1. The overruling of the motion for a new trial.

2. That the court had no jurisdiction of the subject-matter of the action.

There is no assignment that the court had not jurisdiction of the person of the principal defendant, or of the appellant.

That there was jurisdiction of the subject-matter, we think must be clear. The action was for the recovery of money on a personal judgment previously rendered, and the circuit court has jurisdiction in all such cases. If we concede the proposition that the action should have been brought in the county where the agency was located, it still does not follow that it was a local action in the

strict sense of the word, such as an action in ejectment, or for the foreclosure of a mortgage on real estate. In such actions as those last mentioned, it is doubtless true that the court in the county of the *situs* is the only one which has jurisdiction of the subject-matter. The present action was a personal one, and would lie in any one of several counties where the defendant had an agency connected with such business.

As we have seen, there is no assignment of error calling in question the jurisdiction of the trial court of the person of the principal debtor. The question sought to be raised concerns the jurisdiction of the person, and not of the subject-matter. It is the assignment of error that gives jurisdiction to this court. Without it no question whatever can be considered. The specifications must be such as to cover the exact questions sought to be reviewed, and the errors not well assigned will be disregarded. Elliott's App. Proced., sections 303, 306, 325, 402.

Had there been an assignment that the court had no jurisdiction of the person of the appellant, or of the defendant corporation, quite a different question would be presented.

But counsel further contend that the judgment against appellant was not one by default. In this view we can not concur. The mere fact that after the garnishee was defaulted the judgment of the court against him was deferred until after his testimony and that of others was taken, can not change the nature of the proceedings. It is a common practice to hear testimony as to the amount due, etc., after default is taken. In fact, the default does not admit that any amount is due, and to establish that, it is not improper to examine the garnishee as well as other witnesses. The default admitted the appellant's indebtedness to the corporation, but not the amount of

the same.   Nor can the fact that no judgment was ren-
dered against other garnishees have any controlling
force.   If, upon examination, the court found that such
other garnishees owed the corporation nothing, or had
under their control no moneys or property belonging to
it, we see nothing wrong in the action of the court in not
finding against them, also.

The judgment having been taken by default, both
against the appellant and the corporation, a motion for
a new trial was not in order.

The defendants could have moved to set aside the de-
fault or in arrest of judgment, but we know of no prac-
tice that would sanction the consideration of a motion for
a new trial, upon default.   The court could, therefore,
have committed no error in overruling this motion.

All the questions sought to be raised by appellant's
counsel are embraced in the two assignments of error
above named.   For the reasons already stated, these can
not be considered.

Judgment affirmed.

Filed May 27, 1893.