SAHNER ET AL. *v.* SAHNER.

[No. 3,717.    Filed May 9, 1901.]

DIVORCE.—*Garnishment.*—*Final Judgment.*— Where in an action for divorce, judgment was rendered for plaintiff without any finding or judgment upon the issue of attachment and garnishment, the ancillary proceeding was thereby abandoned, and a judgment rendered against the garnishee defendant two days thereafter was void.

From the Grant Superior Court. *Reversed.*

*R. Warner* and *A. W. Brady,* for appellants.

HENLEY, C. J.—The appellee in this cause has not favored the court with a brief. It appears from the record that this appeal is prosecuted from a judgment rendered by default in the Grant Superior Court against appellant Ball Brothers Manufacturing Company, a garnishee defendant in the lower court. Appellee, Lucy B. Sahner, on the 11th day of February, 1898, filed her complaint in said court against appellant John L. Sahner for a divorce. In this complaint, besides asking that a decree of divorce be granted her, she asked the custody of the children and

Sahner *v.* Sahner.

$2,000 alimony. On the same day she appeared before the judge of the Grant Superior Court in chambers, it being in vacation, and filed her petition for an allowance with which to support herself and family during the litigation, and showing that she was without means of any kind, and that her said husband "is now regularly employed with the firm of Ball Brothers in the city of Muncie, Indiana, earning good wages, to wit, from $18 to $42 per week." The amount asked in such petition was $100. It was ordered upon such petition that the said John L. Sahner appear on the first day of the next term of court and show cause why such allowance should not be made. On the second day of the March term, 1898, of said court, a rule was entered against said Sahner to answer the complaint. On March 2, 1898, appellee filed affidavits in attachment and garnishment. The affidavit in garnishment was in the following words: "William J. Houck, attorney for plaintiff, being duly sworn, says that he has good reason to believe that the firm of Ball Brothers, of the city of Muncie, Delaware county, manufacturers of fruit jars, have money in their possession and under their control owing to John L. Sahner the defendant above named, which the sheriff can not attach by virtue of the order in said cause. Wherefore the clerk of said Grant Superior Court is requested to issue a summons notifying said Ball Brothers to appear at the ensuing term of said court on the 21st day of March, 1898, and answer as garnishee in said action. [Signed] William J. Houck. Subscribed and sworn to before me this 2nd day of March, 1898. E. H. Ferree, Clerk."

A writ of attachment was issued on March 4, 1898, upon which there is a sheriff's return showing *nulla bona*. A summons was issued upon the affidavit in garnishment. This summons is directed to the sheriff of Grant county, and he is ordered to summon "Ball Brothers Manufacturing Company" to appear March 21, 1898, to answer as gar-

nishee in the cause. The return on this summons is by the sheriff of Delaware county. This return shows service on "Ball Brothers Manufacturing Company." On March 31, 1898, said Ball Brothers Manufacturing Company was defaulted. There was never any appearance at any time during any of the proceedings by the Ball Brothers Manufacturing Company, either by attorney or agent. It appears also that an order was made by the court to pay to the clerk of the court for the use of the appellee on or before the fourth Monday in said term the sum of $50. On April 21, 1898, it being the March term of said court, the prosecuting attorney filed an answer of general denial to the complaint, the appellant John L. Sahner having been defaulted. The cause was then submitted to the court for trial, and there was a finding and judgment in favor of the appellee as against the appellant John L. Sahner, granting appellee a divorce, the custody of the children, and $500 alimony, all at the cost of appellant John L. Sahner. There was at this time no finding or judgment of any kind as to the attachment and garnishee proceedings, and no continuance was granted. On April 23, 1898, this being two days after the judgment in favor of appellee against appellant John L. Sahner, it is shown by the record that Ball Brothers Manufacturing Company, garnishee defendant, having theretofore been defaulted, the cause was submitted to the court for trial, and the court having heard the evidence and being sufficiently advised in the premises found that the appellee was entitled to recover of the said Ball Brothers Manufacturing Company the sum of $100, together with her costs. It is from this judgment that the appeal is prosecuted.

Appellant contends that the trial court erred in rendering judgment against it because the court had theretofore rendered final judgment in the main action, and did not have, at the time judgment was rendered against appellant, any jurisdiction over appellant. The objection is well taken. Final judgment was rendered in the main action against

appellant John L. Sahner, and this judgment settled all matters in issue between the parties fully and finally. Appellee neither asked nor was allowed a continuance for the purpose of keeping alive the attachment or garnishment proceeding. The judgment against appellant John L. Sahner was a personal judgment, and no finding or judgment was made or rendered upon the issue presented by the affidavits in attachment and garnishment. That part of the case was abandoned, and the personal judgment stands as though the affidavits in attachment and garnishment had not been filed. *Capital City Dairy Co.* v. *Plummer,* 20 Ind. App. 408; *Thomas* v. *Johnson,* 137 Ind. 244; *Emery* v. *Royal,* 117 Ind. 299.

In any event, the court did not have the power, even during the same term at which the personal judgment was rendered, to take up afterward the matter of the attachment and garnishment independently, and render a judgment against appellant Ball Brothers Manufacturing Company. The power must have been exercised, if at all, as to the whole judgment.

In the case of *Emery* v. *Royal, supra,* the Supreme Court of this State said: "The rendition of a personal judgment against Hamblin, the principal defendant, without a judgment in the proceedings in attachment, was equivalent to a dismissal of the attachment proceedings. * * * After rendering the personal judgment against Hamblin, the justice had but one thing else to do, and that was to render a judgment discharging the garnishees and that they recover costs. If he did anything else, his proceedings were void for want of jurisdiction." To the same effect see, also, *Wright* v. *Manns,* 111 Ind. 422; *Lowry* v. *McGee,* 75 Ind. 508; *Smith* v. *Scott,* 86 Ind. 346; *United States, etc., Co.* v. *Henderson,* 111 Ind. 24; *Sannes* v. *Ross,* 105 Ind. 558.

Appellant corporation, after the time the personal judgment was rendered against John L. Sahner, was not required to take any action in regard to the ancillary proceedings to

which it was made a party defendant, because any action of the court afterward taken against it was void for want of jurisdiction.

The judgment is affirmed as to appellant John L. Sahner. For the errors pointed out, the judgment must be reversed as to appellant Ball Brothers Manufacturing Company.