## BEAVER AND WIFE *v.* TRITTIPO.

MISTAKE—SPECIFIC PERFORMANCE.—Suit by A. and wife against B., for the partition of lands. The complaint alleged that A. was entitled in his own right to the undivided four-elevenths, and his wife to one-eleventh of the lands, and the defendant B. to the remaining six-elevenths. Answer by B., that the parties had before suit mutually agreed to a partition, and that the plaintiffs, under the name of A., had in pursuance of such agreement executed and delivered to the defendant B. a bond, by which they bound themselves to convey to him a certain portion of said lands, and that he B., had made a like bond to the plaintiffs, by which he agreed to convey to A. the other part of said lands; that each took possession of their separate tracts, and that defendant had made improvements; that at the time stipulated, he had made and tendered a deed to A. for the land so set apart to him, and demanded of him a deed for the land agreed to be conveyed to him, defendant; that A. refused to accept the deed, or to perform the obligations of his bond to defendant. Prayer, that a specific performance be decreed against the plaintiffs. Reply, that the parties had agreed to have two persons, selected by them, make partition of the land between them, and to abide their determination; that the persons so chosen valued two of the tracts of land at $3,370, and the two remaining tracts at $2,400, and set apart to plaintiffs the lands so valued at $2,400 as equal to five-elevenths of the whole, and to the defendant the other lands, valued at $3,370, as equal to six-elevenths of the whole; that by such division plaintiffs received lands worth less by $222 70 than their proper share, and defendant a like amount more than his proper share; that plaintiff, A., protested at the time that there must be some mistake, but did not discover it until after the execution of the bonds referred to in the answer, and that B. then refused to correct the error. The court decreed a specific performance of the bond against A. and wife, though the bond did not purport to be executed by the wife.

*Held,* That as there was no admixture of fraud or imposition in the transaction, and no taking unawares, or want of knowledge of the facts, save the fact of the error in calculation, of which the party complaining had doubts at the time, and was put upon inquiry, it would be encouraging negligence to relieve against the mistake.

*Held,* also, that mistake or ignorance of facts in parties is a proper subject of relief only where it constitutes a material ingredient in the contract, and disappoints the intention of the parties by a mutual error, or where it is inconsistent with good faith, and proceeds from a violation of the obligations which are imposed by law upon the conscience of either party. But where each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, lays no foundation for equitable interference.

*Held,* also, that the court below erred in decreeing a specific performance of the bond against the wife of A., as the bond set up in the answer contained no obligation to be performed by her, and such a decree operated to divest her of a portion of her estate, and transfer it to the husband.

*Held,* also, that the answer setting up a bond not purporting to be executed by the wife, was no bar to the action as to her, and the demurrer to the reply should have been sustained to the answer.

APPEAL from the *Hamilton* Circuit Court.

FRAZER, J.—Petition for partition, alleging that the plaintiff, *John Beaver,* is seized in fee of four-elevenths, and the plaintiff, *Desire Beaver,* wife of *John,* of one-eleventh, and the defendant of six-elevenths, undivided, of certain lands. Answer, that the parties had before mutually agreed upon partition, and that the plaintiffs, under the name of *John Beaver,* had, in pursuance of such agreement, executed and delivered to the defendant a bond, by which they bound themselves to convey to the defendant a certain portion of the lands held in common, on or before *September* 1, 1861, and the defendant had made a like bond to the plaintiffs, whereby he bound himself to convey to the plaintiff, *John Beaver,* on the same day, the other part of said lands; that each took possession of the lands so to be conveyed to him; that the defendant has made lasting and valuable improvements on his portion; that at the time stipulated in the bonds, he tendered a conveyance to the plaintiff, *John,* according to the condition of his bond, and demanded from the plaintiffs a like conveyance; that the plaintiffs refused to perform, or to accept the conveyance tendered by the defendant. The deed from the defendant to the plaintiff, *John,* was brought into court for the plaintiffs, and a copy of the bond alleged to have been given by them was annexed to the answer, and made part of it. This bond is executed by *John Beaver,* and purports, in the body of it, to bind him alone; but it specifies that he is to convey to the defendant five-elevenths of the lands. A specific performance is prayed against the plaintiffs. Reply, 1st. General denial. 2d. That the parties being desirous of making partition, and being unable to agree thereon, agreed orally that two neighbors should examine

the lands and ascertain the value of the respective tracts, and determine in what manner partition should be made, and the parties would abide by such determination; that the neighbors so chosen valued two tracts of the land at $3370, and the two remaining tracts at $2400, and declared to the parties that the plaintiffs should take the lands so valued at $2400, and that the same would be equal in value to five-elevenths of the whole, and that the defendant should take the two tracts valued at $3370, and that the same was equal in value to six-elevenths of the whole; that by such partition the plaintiffs would receive lands worth $222 70 less than their proper share, and the defendant would receive lands worth a like sum above his proper share; that the error of the two neighbors was a mistake, made innocently; that the plaintiff, *John,* protested at the time that he thought there must be a mistake, and that the lands allotted to the plaintiffs were not equal to their share; and that the bond set up in the answer was made under the mistake aforesaid; that the plaintiffs, shortly after executing the bond, discovered the mistake in calculation, notified the defendant thereof, and desired it to be corrected, which the defendant refused, &c. A demurrer was sustained to the second paragraph of the reply, and the plaintiffs excepted.

Was the second paragraph of the reply good? The reply seeks relief against the bond on the ground of mistake, without the slightest admixture of imposition or fraud. The mistake alleged was one of computation, made by two friendly neighbors, mutually chosen by the parties. There was no taking unawares, no hasty action, under circumstances not favorable to deliberation. The parties knew the lands, and must be presumed to have had a knowledge of the value of the respective tracts. In short, no fact was unknown to them, save the single circumstance that a mistake had been made in the mathematical process of computing the sums which would constitute the respective shares of the parties, in the aggregate sum at which the whole lands were valued. It seems, too, that the appellants doubted the correctness of

the computation when the bond was executed; they were thus upon inquiry. Certainly reasonable diligence, if used, must have discovered the mistake at once. To relieve now, would be but to encourage negligence. Indeed, it is not easy to perceive how the alleged mistake could be very material in any event. It was land, not money, which the parties were seeking to divide, and whether a value was fixed upon the lands, expressed in dollars, or not, was not an essential thing. The end to be accomplished was that the lands should be so parted that the portion assigned to the plaintiffs should, in value, bear that relation to the whole which five does to eleven. Now, if the friends who acted between the parties had estimated the lands allotted to the plaintiffs at $222 more, and those allotted to the defendant at $222 less than they did, then there could have been no complaint; and yet the result would have been precisely what was reached. The observations of Mr. Justice STORY seem so applicable to the case in hand, that we adopt them: "Mistake or ignorance of facts in parties is a proper subject of relief, only when it constitutes a material ingredient in the contract of the parties, and disappoints their intentions by a mutual error; or where it is inconsistent with good faith, and proceeds from a violation of the obligations which are imposed by law upon the conscience of either party. But where each party is equally innocent, and there is no concealment of facts, which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference. It is strictly *damnum absque injuria.*" 1 Eq. Jur. § 151.

The court decreed a specific performance of the condition of the bond, as well against *Desire Beaver*, as against *John*, her husband, and it is alleged that, as against *Desire*, this decree was erroneous.

The averment in the answer is that both plaintiffs executed the bond, "by and under the name of *John Beaver.*" The bond itself, which constitutes a part of the answer, contains

no obligation to be performed by *Desire*; it does not profess to bind her in any respect; it seems on its face to be the individual bond of *John Beaver*, and the deed from the defendant, brought into court for the plaintiffs, names *John Beaver* alone as the grantee therein. The effect of the decree is not only to accomplish a partition of the lands according to agreement, but to divest a portion of the wife's estate, and transfer it to her husband—to give her one-eleventh, instead of one-fifth, of the lands thus apportioned to herself and her husband. This will not do. If it be granted that the bond alluded to binds her, still it can, by no possible construction, operate to transfer to her husband lands belonging to her. But we do not perceive how she can be bound by the bond. Grant that she executed it. What then? It did not bind her to convey; it provided only that her husband should convey, and upon his doing so, the contract would be performed. The bond must be construed for itself; its import must be deduced from the language employed in it, and nothing can be added thereto by the averment in the answer. We give the defendant the benefit of his bond; upon this he insists, but we cannot give him more.

But we cannot understand how the bond, not being obligatory upon the plaintiff *Desire Beaver*, could be set up as a sufficient answer to the complaint, so far as she was concerned. Not purporting to be executed by her, it must be held for nothing as against her, and it was not necessary that she should deny its execution under oath. *Peoria, &c., Ins. Co.* v. *Walser*, 22 Ind. 73. The averment in the answer that she executed the bond, is inconsistent with the bond itself. As the answer was made to the whole complaint, and was not sufficient as such, the demurrer should have been carried back to the answer, and sustained to it.

It is due to the learned judge who tried the cause below to say, that we see nothing in the record to indicate that his attention was called to the insufficiency of the answer.

The judgment is reversed, with costs, and the cause re-

manded, with directions to set aside all proceedings subsequent to the demurrer, and to sustain it to the answer.

*E. S. Stone,* for appellant.

*D. Moss,* for appellee.