Bevan v. Tomlinson.

*J. V. Mitchell*, for appellant.

*W. R. Harrison* and *W. S. Shirley*, for appellees.

---

## BEVAN v. TOMLINSON.

PRACTICE.—Where there is no evidence to support the finding of the jury, it is the duty of the court to direct a new trial.

VOLUNTARY PAYMENT.—Where one does voluntarily, and without request, that which he is not compellable to do, for another, who is compellable to do it, as if one who is not bound in any way pays a debt due from another, the law will, if there be a subsequent promise to repay the money, imply the previous request, but it will not imply both the promise and the request.

APPEAL from the *Cass* Circuit Court.

RAY, J.—The appellee brought this action, alleging that the appellant and one *Spear* were replevin bail upon a judgment recovered against *McCarty*. That at the

request of the appellant he paid off the judgment. That said *Spear* had since deceased, and that the sum so paid by the appellee had never been refunded.

The appellant asks a reversal of the judgment, on the ground that the finding of the jury for the appellee was not sustained by the evidence. After a careful examination of the evidence, as it appears in the bill of exceptions, we are forced to this conclusion. We can discover no evidence from which the jury would be authorized to infer a request from the appellant to the appellee to pay the judgment. While it is the duty of the jury to weigh the evidence, and draw their conclusions from the facts presented to them, it is equally our duty, when no evidence has been given which would create even a presumption in favor of the plaintiff upon a material point, to disregard such finding and direct a new trial. Such we feel to be our duty in the present case.

The plaintiff's evidence shows that after the sheriff had made a levy, by direction of *Spear* and *Bevan*, upon a house and lot which had belonged to the execution defendant, but had been conveyed away before judgment, that *Tomlinson* told the sheriff that he would pay the debt, and directed him not to sell the property. The property was at that time liable to be sold under a mortgage to the school fund, of an older date than the judgment. *Tomlinson* himself says: "My arrangement with *Spear* was, that if I got the property at the school fund mortgage sale I should pay off the *McNab* judgment. This arrangement was made before the sale to pay off the judgment, in case I got the property. I bid off the property at the sale for the amount of the mortgage, some $270 or $280, and got a deed. I intended to release the property to the proper parties when I was repaid the debt I assumed." He states that he stepped into the matter to accommodate *Spear* and *Dodd*, the latter of whom was liable also for a judgment against *McCarty*. The plaintiff mortgaged the property so purchased by him, and paid off the judgment out of the

proceeds. The sale was set aside for irregularities, and he then brought this suit to recover from *Bevan* the amount he paid upon the judgment. The plaintiff testifies that after he had paid, or agreed to pay the judgment, he said to *Bevan*, "I have arranged that matter;" the answer was, "I am glad of it," and plaintiff thought the defendant understood the remark as referring to the execution.

If the title of the plaintiff had proved good to the lot he received the conveyance for under the mortgage sale, he could have had no claim upon *Spear*. The plaintiff secured a deed, and supposing his title perfect, he mortgaged the property, and with part of the proceeds paid off the judgment. Whether the failure of his title gave him recourse upon *Spear* we do not determine, but simply that there is no evidence in this case which authorized the jury to hold *Bevan* liable. The rule cited from 2 Greenleaf on Evidence, § 107, "That where the act done is beneficial to the other party, whether he was himself legally bound to have done it or not, his subsequent express promise will be binding, and even his subsequent assent will be sufficient evidence from which the jury may find a previous request, and he will be bound accordingly," is not supported by the authorities cited in the text, and we do not regard it as the law.

The law as applicable to this case is correctly stated thus, by Mr. *Parsons:* "Where one does voluntarily, and without request, that which he is not compellable to do for another, who is compelled to do it, as if one who is not surety, or bound in any way, pays a debt due from another, he has not the same claim and right as if he had been compelled to pay this debt. For now the law, if there be a subsequent promise to repay the money, will indeed imply the previous request, as, if there had been a previous request, it would have implied a subsequent promise, but it will not imply both the promise and the request." 1 Parsons on Contracts, 5th ed., 471, and note *d.* The remark of *Bevan*, when informed by *Tomlinson* that "he had

arranged that matter," that "he was glad of it," was not a promise to pay, and no previous request can be implied from it.

The judgment in this case is reversed, with costs, and a new trial ordered.

*E. Walker*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.