## CARR v. STEWART.

PAYMENT.—*Mistake.*—*Payment of Taxes, by the Grantor, on his Grantee's Land.*—The grantee of a tract of real estate having failed to have the same transferred and assessed to himself, and to have his deed recorded, taxes thereon were thereafter assessed to the grantor, who, by mistake, in paying taxes on his own property, paid the taxes so assessed on such tract.

*Held,* that such payment was voluntary, and can not be recovered.

From the White Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*A. W. Reynolds* and *E. B. Sellers,* for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below, upon a promissory note executed by the appellant to the order of one James C. Moore, and endorsed by him to one Isaac Heck, and by said Heck to one Stewart, and by said Stewart to the appellee.

The appellant answered in two paragraphs, in substance, as follows:

1.   Payment in full, before this suit was brought;

2.   In the second paragraph of his answer, the appellant admitted the execution of the note in suit, but said, that the appellee ought not to recover, for the reason that said note was given in part payment of certain lands, purchased by the appellant from said Moore, the payee of said note, setting out a particular description of said lands, in White county, Indiana; that said Moore, at and before the time of said sale, represented to appellant, that the tracts of land contained one hundred acres; that the appellant bargained with said Moore for one hundred acres, and, in consideration of said Moore conveying to him one hundred acres, and relying upon said representations of said Moore, the appellant agreed to and did pay said Moore $60 per acre, in all $6,000, and that the note in suit was part of the consideration for said purchase of land; that said tracts of land, so sold by said Moore to the appellant, did not contain one hundred acres, but only ninety-six acres, being short four acres of the number represented by said Moore, to the appellant's damage $240; that the appellant purchased said land on and by reason of said representations of said Moore that said tracts of land contained one hundred acres, and accepted the deed on that express condition; that the appellant paid taxes, to the amount of $20.78, by mistake, on land belonging to said Moore, being land that the appellant conveyed to said Moore in part payment for the lands aforesaid; and that said sum of $20.78 was so paid for said Moore, before appellant had any notice of the assignment of said note to the appellee; and that, before the commencement of this suit, on September 6th, 1875, the appellant tendered to said Moore, and also to the appellee, the sum of $330, in lawful money, and brought the same into court; wherefore he asked judgment for costs.

The appellee replied, by a general denial, to appellant's answer.

Carr *v.* Stewart.

The issues joined were tried by a jury, in the court below, and a verdict was returned for the appellee, assessing his damages in the sum of $595.97; and the appellant's motion for a new trial having been overruled, and his exception saved to this decision, judgment was rendered on the verdict by the court below.

The only error properly assigned by the appellant in this court is the decision of the court below, in overruling his motion for a new trial. Several causes for a new trial were assigned in appellant's motion therefor; but the only question discussed by appellant's counsel, in their argument of this case in this court, arises under the fifth cause for a new trial, and therefore we need not notice the other causes.

This fifth cause for a new trial was as follows:

" 5th.   For error of law, occurring at the trial and excepted to by the defendant, in this: the court refused to allow the defendant, J. P. Carr, to testify to the payment of $20.75, taxes, for Moore, assignor of the note, by mistake of facts; said evidence, so excluded by the court, being fully set out in a bill of exceptions filed in said cause."

. It appeared from a bill of exceptions, properly in the record, that the appellant offered to prove on the trial, by his own evidence, that he had paid, by mistake, the sum of $20.75, as taxes on certain lands, which he had before that time conveyed to said Moore, the payee and endorser of the note in suit; that, after the appellant's conveyance to said Moore of said lands, they were not transferred and assessed for taxation, in the name of said Moore, as they ought to have been, but they continued to be assessed for taxation, in the appellant's name; and that, when he, the appellant, paid the taxes on his own lands, of which he had about 2,000 acres assessed to him, he, by mistake, paid the taxes on Moore's lands, to the amount of $20.75, without noticing that Moore's lands were still assessed to him for taxation; and that this payment was made by the appellant before he had any notice of the assignment by Moore of the note in suit.

These were the facts which the appellant offered to prove

on the trial, by his own evidence; and, upon these facts, this question arises: Could the appellant have maintained a direct action against said Moore, upon the facts stated, to recover from him the amount so paid by the appellant? It seems very clear to us, that this question must be answered in the negative. The appellant did not offer to prove, that the amount so paid by him was paid with the knowledge and consent, or upon the request, of said Moore, or that said Moore had subsequently promised to repay said amount. The appellant's payment of Moore's taxes, though made by mistake, must be regarded as a voluntary payment; and the law is well settled in this State, that such payments cannot be recovered back. *Bevan* v. *Tomlinson,* 25 Ind. 253, and *Shirts* v. *Irons,* 28 Ind. 458.

The law did not make it Moore's duty to have his deed from the appellant recorded; and if, by reason only of Moore's failure to have his deed recorded, the appellant was induced or caused to pay the said taxes by mistake, this fact would not, in our opinion, give the appellant a cause of action to recover from said Moore the taxes thus paid.

We find no error in the record.

The judgment is affirmed, with five per centum damages, at the costs of the appellant.