Butt *v.* Jennings School Township.

No. 8683.

BUTT *v.* JENNINGS SCHOOL TOWNSHIP.

81   69
132  12

MISTAKE.—*Voluntary Payment.*—Money paid through a mistake of facts, with the means of knowing the facts within reach of the party, can not be recovered back.

TOWNSHIP TRUSTEE.—*Settlement.*—*Mistake.*—When a township trustee fails to keep the accounts required by law, and by reason thereof, and by reason of mislaying a voucher, he fails in his annual settlement with the county commissioners to claim or receive credit for a sum properly paid out by him, he can not afterwards recover for the amount so paid.

SAME.—*Statute of Limitations.*—When a school township trustee, by mistake, advances money for the school township, which, in his annual settlement, is found to be due to him, and so entered of record, a suit to recover the amount is founded, not upon the record, but upon the advancement of the money, and the statute of limitations begins to run at the date of the settlement, and six years is a bar.

SAME.—*Complaint.*—*Demurrer.*—*Practice.*—A complaint by a township trustee to recover a balance found due him on settlement with the county commissioners, brought after the lapse of six years from the settlement, shows by inevitable inference that the case is not within any of the exceptions to the statute of limitations, and is barred by that statute; and, in such case, the question of the statute is presented by demurrer for the want of sufficient facts.

From the Scott Circuit Court.

*C. L. Jewett,* for appellant.

*W. K. Marshall,* for appellee.

MORRIS, C.—The appellant sued the appellee to recover back money alleged to have been paid to it through a mistake in a settlement made by the appellant as trustee of the appellee, with the Board of Commissioners of Scott County.

The complaint is in three paragraphs. The first and second are substantially the same. They allege that on the 21st day of July, 1864, the appellee was indebted to one William Kinsey in the sum of $162, for work and labor performed, and materials furnished in building a school-house for the appellee, and within its limits; that Thomas Carr, then trustee of the appellee, executed and delivered to said Kinsey a warrant

on the treasurer of the appellee, for said sum ; that on the 1st day of April, 1865, the appellant was duly elected and qualified as trustee of said Jennings township, and continued to hold said office until April, 1867 ; that on the 1st day of July, 1865, said warrant not having been paid, the said Kinsey presented the same to appellant, as such trustee, for payment; that, having the necessary funds in his hands as such trustee, he paid said warrant, with the interest thereon, amounting to $173, to said Kinsey, and received from him said warrant, as a voucher and as evidence of payment; that he kept no account or memorandum of the money so paid, other than by said voucher ; that after he had made such payment, and before the 3d day of September, 1867, said warrant was, without fault of the appellant, mislaid and lost, and so remained until the 1st day of March, 1879 ; that on the 3d day of September, 1867, after the expiration of the plaintiff's term of office, he made a final settlement with the board of commissioners of the county of Scott, of his receipts and disbursements, acts and doings as the trustee of said Jennings School Township ; that because of the loss of said warrant and voucher he did not know that he had paid said Kinsey the sum of $173, and that he was, in said settlement, entitled to credit for the same ; that the board of commissioners did not know that he had made such payment; that thereby there " arose and existed a mutual mistake between the appellant and said board at the time of said settlement, from which it was mutually believed that appellant had not paid said sum to said Kinsey ; that, because of said mistake, the board required the appellant to pay, and he did, on said 3d day of September, 1867, pay over to the treasurer of Scott county, said sum of $173, being the amount paid by him to said Kinsey, on said warrant, for the use of the appellee ; that the appellant did not discover said mistake and lost warrant until the 1st day of March, 1879, and immediately thereafter he notified said board and the appellee of said fact, and requested each to correct said mistake, which they refused to do.

The third paragraph states that the appellant had been elected and qualified as trustee of Jennings township on the 1st day of April, 1865; that there came into his hands, as such trustee, $700 belonging to the special school fund of said township; that during the time the appellant was trustee of said township, he paid out the whole of said fund of $700 to persons having demands and warrants upon said school township, and by mistake paid out of his own funds $338.43; that in a settlement made with the board of commissioners of Scott county, on the 3d day of September, 1867, upon a full report made by him, to the board, of his receipts and disbursements, acts and doings as such trustee, it was found and determined that the appellant had paid, of his private funds, the sum of $338.43, and that it was further found and agreed by said board that the appellee was indebted to the appellant in said sum of $338.43, and the fact entered upon the order book of said board, a copy of which is filed with this paragraph; that said sum is due and unpaid.

So much of the settlement with the board as is material is as follows:

"COMMISSIONERS' COURT, SEPT. TERM, 1867.

"Now comes John B. Butt, Sr., ex-trustee of Jennings township, and makes final settlement, to wit:

| | |
|---|---|
| Dr., to common school fund, June term, 1867 . . | $675 30 |
| Cr., by voucher on treasurer . . . . . . . . . . | 675 30 |
| Dr., to road fund . . . . . . . . . . . . . . | $316 65 |
| Cr., by certificate from treasurer. . . . . . . . | 306 77 |
| | $9 88 |
| Cr., by voucher cash over treasurer . . . . . . . | 9 88 |
| Due ex-trustee from township fund. . . . . . . | $162 87 |
| Due ex-trustee from special school fund. . . . . | 338 43" |

The copy of the record filed with the third paragraph of the complaint, shows that the common school fund and the road fund, in the hands of the appellant, had been adjusted and settled, but nothing more is said about the special school fund.

The appellant demurred to each paragraph of the com-

plaint. The demurrers were sustained. The appellant elected to stand by his complaint, and final judgment was rendered in favor of the appellee.

The error assigned is the sustaining of the demurrers to the complaint.

Did the court err in sustaining the demurrers to the first and second paragraphs of the complaint? These paragraphs are substantially the same. By the law in force at the time, it was provided that "The trustee shall examine and settle all accounts and demands chargeable against his township, and shall keep an accurate account current with his township, which shall be so arranged and kept as to show the amount received and paid out on account of separate and distinct funds, and to whom paid, as well as the whole receipts and expenditures, by one general account, and shall file all accounts as vouchers, and report the same to the county board in his annual settlement therewith." Section 10, 1 R. S. 1876, p. 901. Section 7 of the act of 1865, 3 Ind. Stat. 442, in force at the time this mistake is alleged to have been made, is substantially the same as the above provision, and requires such accounts to be kept by the trustee of the special school fund.

The manifest purpose of these provisions of the statute is to require the trustee to keep such a record of the receipts and expenditures of money as will render such a mistake as that alleged to have been made by the appellant impossible—to compel him to keep an accurate record of the money by him received and paid out as trustee, so that he may know at all times just how he stands with his township. If the appellant kept an account of the money paid out by him while trustee, he had the means of knowing, at the time he settled with the board, though he had previously lost the warrant, how much he had paid Kinsey; if he did not keep an account of the money so paid, he was guilty of gross and inexcusable official negligence and misconduct. The appellant says, in the paragraphs under consideration, that he kept no account of the money paid to Kinsey. He offers no excuse for this gross

dereliction of official duty. Because of this failure to obey the law, he says he forgot, and did not know at the time he settled with the board, that he had paid Kinsey out of the special school fund $173. Though not impossible, it seems improbable, that he should have made such a payment and have forgotten it, though he had mislaid the warrant. His ignorance of the fact was the result of his own negligence, for which he offers no excuse. In view of the law and the alleged facts, should the appellant be allowed to open up a settlement made by him as trustee ten years before, and based upon his official statements, because of an alleged mistake, resulting from his avowed official negligence?

It is said, in the case of *Board of Commissioners, etc.,* v. *Gregory,* 42 Ind. 32, that money, paid through a mistake of facts, with the means of knowing the facts within the reach of the party making the mistake, can not be recovered back. Why not? Obviously because in such case the mistake is the result of the party's negligence. This is the only reason for which the recovery could be denied. In this case, it may be said that, at the time the mistake occurred, the appellant had not the means of knowing the facts. But his want of the means of knowing the facts, as well as the mistake itself, was the result of his gross official negligence. It may be said that mistakes always result from omissions or inadvertence. But there is a palpable difference between omissions and gross and wilful neglect of duty. The former are excusable; the latter are without excuse. Reasonable diligence in the discharge of his duty would have rendered the mistake which the appellant claims to have made impossible; to grant him the relief asked, would be to encourage negligence in the discharge of official duty. This should not be done. *Beaver* v. *Trittipo,* 24 Ind. 41. We think there was no error in sustaining the demurrers to the first and second paragraphs of the complaint.

Did the court err in sustaining the demurrer to the third paragraph of the complaint?

The appellee insists that it does not state facts sufficient to

constitute a cause of action. It states that the appellant was acting as the duly elected trustee of Jennings School Township—the appellee—from April, 1865, to April, 1867; that, as such trustee, he paid by mistake, out of his private means, $338.43, for the use and benefit of the appellee, and that, in his settlement as such trustee with the board of commissioners of Scott county, he was allowed said sum against the appellee. The statement in the record of the settlement is, "Due extrustee from special school fund, $338.43." This statement is not the cause of action. The advancement of the money for the use and benefit of the appellee is the cause of action. It also appears, from the facts stated, that if the money was paid out by mistake, the mistake had been discovered and was known to the parties at the time the settlement was made, else the board could not have made the entry that it was due the appellant. The cause of action must be held to have accrued on the 3d of September, 1867. Is the cause of action barred by the statute of limitations, and is the question raised by the demurrer? The question is not raised, unless it appears upon the face of the complaint that the cause of action accrued more than six years before the commencement of the suit, and that neither party is within any of the exceptions contained in the statute.

The cause of action is shown to have accrued in September, 1867, more than six years before the commencement of the suit. It is also shown that from April, 1865, to April, 1867, the appellant was acting as the duly elected and qualified trustee of the appellee, and that, on the 3d day of September, 1867, he was present before the board of commissioners of Scott county, settling his accounts as such trustee. It therefore appears from the complaint, not by direct averment, but by inevitable inference, that, at the time the cause of action accrued, the appellee existed in Indiana and could not exist elsewhere; that the appellant was not a married woman; that he was not under the age of twenty-one years, nor of unsound mind, nor imprisoned, nor out of the United States. It follows, therefore,

that, at the time the cause of action accrued, neither party was under any disability, and that the case is not within any of the exceptions contained in the statute. The question of the statute of limitations is raised by the demurrer, and is a bar to the third paragraph of the complaint. There was no error in sustaining the demurrer.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.