Hollingsworth v. Stone.

---

No. 10,206.

HOLLINGSWORTH v. STONE.

MISTAKE.— Voluntary Payment.—Legal Compulsion.— Without Fraud.—Money voluntarily paid under no mistake of fact, without fraud or imposition upon the party paying it, can not be recovered, although it was not legally due, and it makes no difference that the money was paid under compulsion of legal process. It may still be lawfully retained by the party receiving it, if there was no fraud on his part and no undue advantage taken by him of the situation of the other party.

SAME.—Mistake of Law.—Equity.—A mistake of law is no ground of relief even in equity, yet it may be connected with such circumstances as will entitle a party to relief.

SAME.—Fraud.— Void Judgment.—Justice of the Peace.—Arbitration.—Jurisdiction.—Recovery of Money Extorted.—Pleading.—In a suit before a justice of the peace, the defendant pleaded a set-off, orally stating that he did not wish for any excess of the set-off over the plaintiff's demand. There was then a reference of the dispute to arbitrators, but no award was made, and the justice afterwards rendered a judgment in favor of the defendant for $130, and eight months thereafter an execution was issued thereon, which was the first knowledge the plaintiff had of the judgment. At that time the plaintiff was sick, in distress, because of the recent death of several children, and ignorant of her rights, and it was then represented to her by the defendant and the justice that she had no remedy, who threatened to levy upon and sell all her property. She believed them and in consequence paid the judgment.

Held, upon these facts, that she could maintain a suit to recover the money paid.

*Held,* also, that the judgment was void, because the justice had no juris-
diction to render it, and that it was not necessary to a recovery to aver
or prove that the plaintiff did not owe the debt for which the judgment
was rendered.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*L. M. Campbell,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against
the appellant and one Johnson to recover back money al-
leged to have been paid upon compulsion.

The complaint averred that the plaintiff sued the appellant
Hollingsworth, before said Johnson, who was a justice of the
peace; that in said suit Hollingsworth filed a plea of set-off
without asking for any judgment against the plaintiff, and
stated before the justice that he claimed no judgment against
the plaintiff for any excess of his set-off over the plaintiff's
claim; that thereupon the matters in issue in said suit were
submitted to certain arbitrators who never made any legal ar-
bitration or award, but said Johnson afterwards, and without
plaintiff's knowledge, entered a judgment against the plain-
tiff for $130.29 in June, 1881, of which the plaintiff had no
knowledge until February, 1882; that about the time last
mentioned plaintiff received $700 pension money, and then
said Johnson and Hollingsworth had an execution issued on
said judgment and placed it in the hands of a constable, who
served the same upon the plaintiff, and threatened to sell her
property unless she paid said $130 and costs; that the defend-
ants represented to her that she would be compelled to pay
the execution, and could not appeal or avoid the payment,
and that unless she paid the money at once they would levy
on everything she had and would put her to great expense
and trouble; that the plaintiff was in feeble health, ignorant
of business and of her legal rights, in great distress, caused
by the recent death of seven of her family, and that believing
the representations of said defendants, she paid them $110 on
said judgment, which they still hold. The complaint de-

manded the recovery of $110 with interest and costs, or else that the court would permit the plaintiff to appeal from said judgment and would grant all proper relief.

The defendants filed separate demurrers to the complaint for want of facts sufficient. These demurrers were overruled. The defendants answered jointly by a general denial.

The issue was tried by the court, who found for the defendant Johnson, and for the plaintiff against the defendant Hollingsworth, with $111 damages. Hollingsworth moved for a new trial, alleging that the finding was not sustained by sufficient evidence and was contrary to law. This motion was overruled, judgment was rendered on the finding and Hollingsworth appealed.

The errors assigned are:

1. Overruling the demurrer to the complaint.

2. Overruling the motion for a new trial.

3. That the complaint does not state facts sufficient to constitute a cause of action.

In general, money paid under a mistake of fact may be recovered, *Brown* v. *College Corner, etc., G. R. Co.*, 56 Ind. 110; but money paid under a mistake of law can not be recovered. *Telle* v. *Green*, 28 Ind. 184. And money voluntarily paid with full knowledge of all the facts can not be recovered, although there were no misconception about the law. *Denby* v. *Moore*, 1 B. & Ald. 123; *Harris* v. *Loyd*, 5 M. & W. 432.

In *Moses* v. *Macferlan*, 2 Burr. 1005, it was held that money paid on a judgment might be recovered if in equity and good conscience the party receiving it was not entitled to it, but this case has been repeatedly denied to be the law. *Phillips* v. *Hunter*, 2 H. Bl. 402; *Brisbane* v. *Dacres*, 5 Taunt. 143; and is regarded as overruled. *O'Hara* v. *Hall*, 4 Dallas, 340; *Smith* v. *Lewis*, 3 Johns. 157, 169 (3 Am. Dec. 469); *Regan* v. *Baldwin*, 126 Mass. 485 (30 Am. R. 689.)

The law is now well settled that money voluntarily paid, under no mistake of fact, and without fraud or imposition upon the party paying it, can not be recovered, although it

was not legally due, and it makes no difference that the money was paid under compulsion of legal process; it may still be lawfully retained by the party receiving it, if there were no fraud on his part and no undue advantage taken by him of the situation of the other party. *Marriott* v. *Hampton*, 7 T. R. 265; *Hamlet* v. *Richardson*, 9 Bing. 644; *Brisbane* v. *Dacres, supra*; *Duke de Cadaval* v. *Collins*, 4 Ad. & E. 858; *Elliott* v. *Swartwout*, 10 Peters, 137, 153; *Downs* v. *Donnelly*, 5 Ind. 496; *Carr* v. *Stewart*, 58 Ind. 581; *Lewellen* v. *Garrett*, 58 Ind. 442 (26 Am. R. 74); *Ripley* v. *Gelston*, 9 Johns. 201 (6 Am. Dec. 271); *Clinton* v. *Strong*, 9 Johns. 370.

But although a mistake purely of law is no ground of relief even in equity, yet it may be connected with such circumstances as will entitle the party to relief. 1 Story Eq. Jur., section 134; *Carley* v. *Lewis*, 24 Ind. 23. In *Beaver* v. *Trittipo*, 24 Ind. 41, it was held that where there was no mixture of fraud or imposition in the transaction, there could be no relief upon the mistake. In 1 Story Eq. Jur., section 151, it is said: " Where each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance * * * is treated as laying no foundation for equitable interference."

In *Town of Ligonier* v. *Ackerman*, 46 Ind. 552, 558 (15 Am. R. 323), this court said: " The ultimate fact to be reached in the case is the state of mind under which the payments were made. If they were made voluntarily, with a full knowledge of all the facts and without fraud or imposition, they are beyond reclamation. If, on the other hand, the money was extorted from the appellee, * * * or if fraud or imposition was practiced upon him, he is entitled to receive his money back, for the plain reason that the payment was involuntary." See, also, *Bales* v. *Hunt*, 77 Ind. 355.

The complaint in the case at bar shows that the judgment of the justice was void; it was a judgment rendered upon an award; the appellant, in his brief, claims that it was a valid

judgment rendered under sections 22, 23, 24 and 25 of the statute of arbitrations, 2 R. S. 1876, p. 323.

These sections are the same as sections 851, 852, 853 and 854, R. S. 1881; they require a submission by rule of court, and that the award shall be entered on the order-book; this court has held that a submission to arbitration can not be made a rule of the justice's court. In *Richards* v. *Reed*, 39 Ind. 330, this court said: " We are very clearly of the opinion that a submission under our statute to arbitration or umpirage can not be made a rule of the court of the justice of the peace, and as the court must be designated in the submission, and as the award must be filed in the court designated, it results that the justice of the peace possessed no power or jurisdiction to render judgment on the said award, and that such judgment was null and void."

Although a justice's court is a court of record (*Hooker* v. *State, ex rel.*, 7 Blackf. 272), yet it is a court of limited jurisdiction, whose proceedings are not valid unless authorized by statute. *Willey* v. *Strickland*, 8 Ind. 453.

The complaint therefore shows that here was a false claim upon a void judgment, and that the false representations and threats which induced the plaintiff to pay the money were made by the defendants, one of them a public officer, the justice of the peace, who had rendered the void judgment. The parties were not upon equal terms. The complaint alleges that here was on one side a poor sick widow, in great affliction and ignorant of her rights, and on the other side the justice of the peace, with his color of legal authority, acting together with the other defendant, threatening to sell the widow's property under a void execution and trying to make her believe that she could not avoid the payment of it. The complaint shows a strong case of money improperly obtained by false representations and imposition, and undue advantage taken of the situation of the party paying it.

The appellant claims that the complaint was insufficient because it does not expressly aver that the plaintiff did not owe

the money she paid, but the complaint shows that the judgment was void, and that, therefore, nothing could be due upon it.

There was no error in overruling the demurrer to the complaint. It stated a sufficient cause of action.

There was no error in overruling the motion for a new trial. The appellant claims that the evidence shows a payment purely voluntary. We can not weigh the evidence; it was conflicting; but there was evidence fairly tending to sustain the finding of the court upon every material point involved in it; therefore the finding must stand. *Weaver* v. *State*, 83 Ind. 289; *Frank* v. *Purkhiser*, 83 Ind. 496. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.

ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellant still insists that the complaint was insufficient, and that the evidence did not support the finding.

The complaint showed that the payment was involuntary, and was unjustly procured when nothing was due, by false representations and imposition, and undue advantage taken of the situation of the plaintiff.

As to the evidence, the petition asserts that the money was paid by the plaintiff under the advice of her attorney, and was therefore voluntarily paid; but the evidence is that when the plaintiff paid the money her attorney was absent the entire day, and that while the payment was insisted on she begged for time to see her attorney until the next day, or until six o'clock the same evening, and could not get it, and that she never owed the appellant anything.

If the court, trying the case without a jury, believed the testimony on behalf of the plaintiff, it fully sustained the complaint.

The trier of the fact must determine the credibility of the

witnesses, and where there is evidence which supports the finding, it can not be disturbed because of conflicting testimony. *Taggart* v. *McKinsey,* 85 Ind. 392.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.