Filed May 27, 1884.

———————◆———————

## No. 10,724.

## Connecticut Mutual Life Insurance Company v. Stewart et al.

Voluntary Payment.—*Protest.*—*Redemption of Real Estate from Sheriff's Sale.*—In an action to enforce a mechanic's lien on real estate, the plaintiff recovered, and it was adjudged that a certain prior mortgage on the real estate, the mortgagee being a party and defaulted, was junior and subordinate to such lien. The property was purchased under the

Connecticut Mutual Life Insurance Company *v.* Stewart *et al.*

judgment by the judgment plaintiff. In a suit to review the judgment, brought by the mortgagee, judgment was rendered against him, from which he appealed. The year for redemption from the sale being about to expire, and the mortgagor being insolvent, the mortgagee paid the redemption money to the clerk of the court for the purchaser, who received it from the clerk. At the time of the payment, the mortgagee notified the purchaser of the purpose of the former to prosecute an appeal, and filed with the clerk a written protest, reserving therein the right to recover the redemption money if the judgment appealed from should be reversed. After the expiration of the year for redemption the mortgagee through his appeal obtained such a reversal; afterwards the first named judgment was adjudged void as to the mortgagee. Thereafter, the mortgagee, having foreclosed his mortgage and having purchased the property and taken possession thereof under such foreclosure, demanded repayment of the redemption money from the purchaser who had so received it from the clerk.

*Held,* that the payment was voluntary, and that the money so paid for redemption could not be recovered.

From the Superior Court of Marion County.

*W. D. Bynum, A. T. Beck, T. L. Sullivan* and *A. Q. Jones,* for appellants.

*J. S. Tarkington* and *J. M. Judah,* for appellees.

BLACK, C.—The appellant's complaint against the appellees was held bad on demurrer, for want of sufficient facts.

The complaint showed, in substance, that, in 1875, one John R. Haynes, being the owner of certain real estate in Indianapolis, executed to the appellant a mortgage thereon, to secure the payment of a note for the sum of $2,000, payable in five years, and coupon notes for semi-annual instalments of interest on said sum, said notes being made by said Haynes to the appellant, and said mortgage being duly recorded in the month in which it was executed; that in 1876 and 1877, the appellees brought actions in the court below against said Haynes for the enforcement of mechanics' liens against said real estate; that said actions were consolidated and tried, and a decree was rendered in favor of the plaintiffs therein, and the sums found and adjudged in their favor were decreed to be liens on said real estate, which was ordered to be sold for

the payment thereof; that the appellant was made a party defendant in some of said actions, and did not appear, but was defaulted, and it was decreed that the appellant had no right or interest in or to said real estate except such as was junior and subordinate to said liens of the appellees; that under said decree said real estate was sold by the sheriff on the 24th of November, 1877, and was purchased by the appellees for the amount due as principal, interest and costs, upon said decree, and a certificate of said sale was issued by the sheriff to the appellees; that on the 26th of October, 1878, the appellant filed in said court a complaint for the review of said decree, to which complaint the appellees demurred, and on the 23d of November, 1878, said demurrer was sustained by said court in special term, and judgment upon said demurrer was rendered; that the appellant appealed therefrom to said court in general term, where, on the 5th of May, 1879, the judgment in special term was reversed, and the cause was remanded to the special term, with direction to overrule said demurrer; that in special term said court overruled said demurrer, and said decree was adjudged void as to the appellant; that after the court in special term had sustained the demurrer to said complaint for review as aforesaid, which it did the next day before the last day of the year for redemption from the sale aforesaid, said Haynes being insolvent, the appellant paid to the clerk of said court the amount necessary to redeem from said sale; that at and before the making of said payment, the appellant notified the appellees that the appellant intended to prosecute its appeal in said suit for review, and filed with the clerk a written protest, reserving therein the right to sue for the recovery of the money so paid, if the judgment of the court in special term should be reversed; that the appellees received from the clerk the amount so paid, which they refused to repay, though payment had been demanded; that said mortgage was never paid, and the appellant foreclosed it and was in possession of said real estate under sale on foreclosure; that the appellees did not have any lien, when they procured.

their said decree, and the pretended liens claimed by them were void, because notice thereof had not been filed, as required by law, within sixty days from the time of furnishing materials and performing labor, and because the appellees had been fully paid for the materials and labor furnished by them. Prayer for the recovery of the amount so paid by the appellant to the clerk.

We think that the payment made by the appellant for the redemption of the real estate must be regarded as a voluntary payment. In *Railroad Co.* v. *Comm'rs,* 98 U. S. 541, the following was approved as a correct statement of the common law:

" Where a party pays an illegal demand with full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and can not be recovered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary."

In *Crosier* v. *Acer,* 7 Paige, 137, it was said, that if a court of equity "can relieve against a mistake in law in any case where the defendant has been guilty of no fraud or unfair practice, which is at least very doubtful, it must be in a case in which the defendant has in reality lost nothing whatever by the mistake, and where the parties can be restored to the same situation, substantially, in which they were at the time the mistake happened."

The appellant paid the redemption money with full knowledge of the facts, without any demand or request, and in the assertion of a right for its own benefit. A protest accompanying payment can not constitute proof of immediate and urgent necessity for payment, and can be of avail only when the constraint is otherwise shown, and then merely as evidence of want of acquiescence.

The appellant's so-called protest merely indicated a purpose on the part of the appellant to inform the appellees that in a certain event the appellant would claim repayment of the money which it then elected to pay for the purpose of acquiring advantage thereby. The payment was not made under a mistaken supposition that the law required it. The court in special term had adjudged in favor of the appellees upon their demurrer. This determination remained in force when the appellant, with knowledge thereof and with the avowed purpose of seeking a different determination upon appeal, made the payment.

At the time of the payment, neither the appellees nor the appellant had possession of the real estate. If the appellant had not redeemed, the appellees would have been entitled to a sheriff's deed and to the immediate possession of the real estate, and to retain it until the appellant should acquire title under foreclosure of its mortgage. The appellees would have had also a valid demand against Haynes for rent for the year of redemption following the sale to the appellees. By the redemption the appellant put it out of the power of the appellees to obtain a deed and the possession of the real estate thereunder, and deprived them of a right to recover judgment against Haynes for the reasonable rents and profits of the year of redemption, and the appellant acquired a lien on the premises for the redemption money, and could take its own time to foreclose its mortgage, which it appears to have done. Whether in its foreclosure it enforced its lien for the redemption money, or what was the value of the property obtained by the appellant under its foreclosure sale, is not shown.

It is not pretended that the judgment of the appellees as against Haynes was attacked by the appellant or affected by its proceeding for review. When the appellant demanded repayment after procurement of an adjudication in special term that the appellees had acquired no priority over the appellant, all right of redemption by the appellees from the appellant would have been lost if they had repaid the money

Connecticut Mutual Life Insurance Company *v.* Stewart *et al.*

so demanded, unless they could thereby be remitted to a relation which would entitle them to become redemptioners, and the year after the appellant's foreclosure sale was not then expired. The date of that sale is not stated, and the date of the demand for repayment is not given. This action was commenced in December, 1881.

The appellees, retaining the redemption money, to the payment of which by the appellant they could not object, were not merely cut off from the right to sue an insolvent person for rents and profits, but they were also deprived of other valuable rights. Besides the fact that, if it be possible to place the appellees *in statu quo*, no offer of restoration has been made, we think it is plain that the appellees could conscientiously receive and retain the money paid to the clerk for their use.

The appellant waited until about one month before the expiration of the year for redemption before it commenced its suit for review, and, after the adverse decision therein of the court in special term, the appellant, in the exercise of its own judgment, redeemed, though, as the event of its appeal showed, there was no absolute need of redeeming in order to enforce its mortgage as prior to the liens of the appellees. It succeeded in obtaining a reversal of the judgment of the court, but it can not reverse its own judgment. It paid under its own claim of right to do so, and the appellees suffered the redemption of the real estate which they could not prevent. We think that the complaint does not show that they should be required to repay the redemption money.

PER CURIAM.—Upon the foregoing opinion it is ordered that the judgment be affirmed at the appellant's costs.

Filed May 29, 1884. Petition for a rehearing overruled June 21, 1884.