Filed May 16, 1891.

———◆———

No. 195.

## AMBS *v.* TOWLE.

GARNISHMENT.— *Voluntary Payment by Garnishee.—Negligence.*—Where one personally summoned as garnishee suffers an order of court to be made against him by default, for the payment to the plaintiff of money he is supposed to owe the principal defendant, he can not, after ascertaining that in fact he owes the defendant nothing, recover from him the money paid in obedience to the order, as in such case the payment will be deemed to have been voluntarily made.

From the Lake Circuit Court.

*J. B. Peterson,* for appellant.

REINHARD, J.—This action was brought by the appellee against the appellant in the court below. There was a demurrer to the complaint, which was overruled, and this ruling is the only error complained of by the appellant.

The facts stated in the complaint are, briefly, these :

The appellee was summoned as garnishee before a justice of the peace in an action by one Samuel Griffen against the appellant. It was found that appellant was indebted to the said Griffen in the sum of $100, and that appellee was indebted to the appellant in the sum of $200, and the justice adjudged that the appellee should pay over to Griffen a sufficient amount of his indebtedness to appellant to satisfy the demand of Griffen.

The appellant was then a resident of Illinois, and the only service on him in the attachment and garnishment proceedings was notice by publication.

The appellee, as garnishee, was served with process personally, but did not put in an appearance, and suffered the order to be made against him by default. Appellee did not then know how the account stood between him and appellant, being involved in litigation with him in the courts of Illinois, and not until long after the order had been made against him by said justice of the peace as such garnishee, did he ascertain that in fact he owed the appellant nothing, which fact was ascertained and determined by the court in Illinois; but that before he made such discovery he had fully paid the amount said justice had ordered him to pay as garnishee. Before bringing this action he demanded back from appellee the amount of money so paid for him, but met with a refusal, and hence this suit.

The sole question thus presented to us for decision is whether the facts above set out entitled the appellee to recover.

We have not been favored with any brief by the appellee, and are, therefore, not advised upon what theory of the law

the court below overruled the demurrer and held the complaint sufficient.

The garnishee, as we have seen, had been brought into court regularly, by summons. If he was not indebted to the appellant, or if he was in doubt as to that fact, it would seem that it was his duty to come into court and set up his defence to the proceedings against him in garnishment, and having failed to do this, he was at least *prima facie* guilty of negligence from which courts would not relieve him unless he succeeded, in some way, in rebutting this presumption of negligence. Drake Attachment, section 658*e*; *Emery* v. *Royal*, 117 Ind. 299.

If the action in this cause can be sustained at all it must be on the ground that money paid under a mistake of fact may be recovered. If, however, such payment is made with a knowledge of all the facts, or when the means of knowing the facts are within reach of the person making the payment, it is regarded as a voluntary payment, and there can be no recovery. *Butt* v. *Jennings School Tp.*, 81 Ind. 69 ; *Worley* v. *Moore*, 77 Ind. 567 ; *Connecticut Mut. Life Ins. Co.* v. *Stewart*, 95 Ind. 588.

A compulsory payment by a garnishee is, of course, a discharge *pro tanto* of the garnishee's indebtedness to the principal defendant. But where the payment is not compulsory it will be no protection to the garnishee, even as a defence to an action against him for the same debt by the principal defendant, and certainly would form no basis for a cause of action by the garnishee for money thus voluntarily paid where nothing was owing from him. Bigelow Estop. 138.

A judgment, or order of court, to a garnishee for the payment of money he is supposed to owe his creditor, is not always such compulsory process as will protect the garnishee in a payment made thereon. It is his duty to see, as far as may be, that the judgment, or order, is a valid one ; and if he suffer an order to be made against him by default when, in fact he owed nothing, without making an effort to show

that fact, or to have the order set aside, a payment thereon must be regarded as voluntary. The law encourages no such laches. In a controversy between the garnishee and principal defendant after the payment by the garnishee, he can only set up such payment as was made by compulsion. Nothing short of compulsion will entitle him to claim the benefit of the payment in a set-off, and certainly he could not obtain any affirmative relief against one who was, in fact, not his creditor, for the payment of a debt he was not compelled to pay, and could, with proper diligence, have avoided.

We think a payment, under such circumstances, amounts to a voluntary payment, and can not be recovered.

We need not agree with the appellant's counsel that the questions involved in this case have already been adjudicated. Doubtless they have been, as between the plaintiff and the principal defendant, and also as between the plaintiff and the garnishee. But as between the defendant and garnishee they are not necessarily so.

The judgment is reversed, at costs of appellee, and cause remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

CRUMPACKER, J., took no part in this decision.

