## KEEHN v. McGILLICUDDY ET AL.

[No. 2,481.　Filed February 25, 1898.]

STREET IMPROVEMENTS.—*Foreclosure of Assessment Liens.—Redemption from Sale.—Recovery of Redemption Money Paid.—*Where a judgment foreclosing an assessment lien for street improvements is set aside as void, money paid by the property owner in redeeming the property from such foreclosure sale pending the action to set aside the judgment was not a voluntary payment, and may be recovered.

From the Porter Circuit Court.　*Reversed.*

*N. J. Bozarth,* for appellant.

*William Johnston,* ·for appellees.

COMSTOCK, J.—The error assigned and discussed is that the trial court erred in sustaining appellees' demurrer to the complaint.

From the complaint it appears, that, on October 31, 1894, appellees obtained judgment against appellant on foreclosure of an assessment lien for street improvements; that on December 22, 1894, the real estate against which the lien had been foreclosed, which was owned by appellant and occupied by her as her home, was, in satisfaction of said judgment sold to appellees by the sheriff, who, ȯn January 8, 1895, issued to appellees a certificate of sale therefor, entitling them to a deed for said real estate within one year from the date thereof; that on November 27, 1895, in order to redeem her said real estate from said sheriff's sale, and to avoid losing her title to the same, and to protect and preserve her said real estate from the lien of said judgment and sale and a *lis pendens* record lien filed in said case, she paid into the

clerk's office the sum necessary to redeem said property and save and protect the same, which redemption money was, on November 30, 1895, paid by the clerk to appellees; that, on January 24, 1896, in an action brought for that purpose, the judgment on which said real estate had been sold, and to redeem from the sale under which said money had been paid to the clerk and by him paid to the appellees, was by the court found, decided and decreed to be illegal, and the same set aside, from which decision no appeal has been taken, but, after said decree had been entered setting aside said original judgment, the appellees dismissed their said action and the same is not now pending in any court; that, on February 5, 1896, being prior to the commencement of this action, appellant demanded from appellees the repayment of said sum so received by them in redemption from said void judgment and sale, but they refused to repay the same. Prayer for judgment for the money so paid by her.

We think appellant had a right to protect her property by redemption from the sheriff's sale pending an action to have the judgment under which said sale had been made declared void.    It was the only means provided by law for the protection of her home pending the decision of the court as to the validity of the judgment against her.    In *Gable* v. *Seiben*, 137 Ind. 155, it was held that the holder of a sheriff's certificate of sale of real estate had a right, in order to protect his interest, to redeem the land from a sale for taxes. The appellant in this case, the owner in fee, had no less right to redeem pending litigation which might deprive her altogether of her land.    The claim of appellee that the payment was voluntary, and cannot therefore be recovered, is contrary to the holding of the court in *Rardin* v. *Walpole*, 38 Ind. 146, the court, speaking by Buskirk, J., said:    "It is well settled that

the doctrine applicable to voluntary payments has no application where the payment is made to redeem one's land from a mortgage or incumbrance."

So it was held in the *Lafayette, etc., R. R. Co.*, v. *Pattison*, 41 Ind. 312, that if there be a controlling necessity in the case, arising from the peculiar circumstances under which the money is paid, the rule as to voluntary payments does not apply. A like holding was made in *Lacy* v. *Brown*, 67 Ind. 478. To the same effect is 18 Am. and Eng. Ency. of Law, 216, where it is said: "Where a void execution is levied on property, and the party pays the amount of the execution to save his property, he may recover it back."

In *Martin* v. *Woodruff*, 2 Ind. 237, execution on a judgment had been levied, property sold and proceeds paid to the holder of the judgment. The judgment was afterwards reversed in the Supreme Court, and on the return of the case to the trial court the plaintiff was nonsuited. Thereupon the defendant brought his action to recover the money paid on the judgment, and was successful in the trial and on appeal. Judge Blackford, in writing the opinion in the case said: "The defendant [plaintiff in the first action] is entitled to no benefits from a judgment which ought not to have been recovered; and he cannot complain for having to pay back the money to the real owner of it with interest. The language of the books is, that if judgment be reversed, the party shall be restored to all that he has lost by occasion of the judgment." See also note to the same case.

*Ambs* v. *Towle*, 1 Ind. App. 426, cited by appellees, is not in point. That was a case of pure negligence, or else of inexcusable mistake of fact. Neither is *Butt* v. *Jennings School Tp.*, 81 Ind. 69, in point. There it was held that money paid through a mistake of

facts, with the means of knowing the facts within the reach of the party, cannot be recovered. Whether this statement of the law as to recovery of money paid under a mistake of fact is too broad, we need not decide. But see, *City of Indianapolis* v. *McAvoy*, 86 Ind. 587, and cases cited. In the case at bar, the money was not paid by reason of any mistake of fact, but because of legal compulsion.

*Hollingsworth* v. *Stone*, 90 Ind. 244, cited by appellees, does not support their claim. It was held in that case that where a defendant has voluntarily, but by reason of false and fraudulent representations, paid money on a void judgment, the money so paid might be recovered. *Connecticut, etc., Ins. Co.* v. *Stewart,* 95 Ind. 588, strongly relied upon by appellees, is distinguishable from the case before us. The judgment against the owner of the real estate was not attacked; the property had been sold under decree foreclosing a mechanic's lien in favor of appellees, who purchased the real estate for the amount of their claim. The court held that there was no absolute need of redeeming the real estate, that by the payment of the redemption money, to which payment appellees could not object, they were deprived of valuable rights, and that if it had been possible to restore the *statu quo*, no offer was made to do so.

In the case at bar the necessity for redemption was urgent, the judgment being void, appellees were not deprived of any rights acquired thereunder. Judgment reversed, with instructions to overrule the demurrer to the complaint.