Gaston, Judge.
 

 It must be admitted that the contract to be expounded has not been expressed in very perspicuous language, nor can we be sure that any exposition which may be given of it will be free from error. But in our judgment, the meaning assigned to it in the court below is not the correct one, c'
 

 According to that interpretation, the contract substantially is to allow the highest price which cotton may bear at either of the three named markets on any day between the execution of the contract and the first of June therealter. Now an obvious — and very strong — objection to this interpretation is, that had the parties so meant, nothing was easier or more natural than to have said so. It can scarcely be conceived, that if this had been the object of the bargain, so roundabout a mode of declaring their meaning, or of providing for the execution of it, would have been resorted to.
 

 The next objection to this interpretation is, that it makes the bargain
 
 unequal,
 
 which, in the absence of plain stipulations to that purpose, it will not be presumed to be. If the defendant, in selecting a day and a market for fixing the price of the cotton can act retrospectively, he
 
 must
 
 gain, and the plaintiff
 
 must
 
 lose, by the selection. Of course he will name the day and the place when and where the price was highest.
 

 Finally; we think this advantage on the part of the de
 
 *143
 
 fendant cannot fairly be inferred from the language of the instrument. All is fixed by the contract at the time of its execution, except the price; and the language used in regard to this, seems altogether
 
 prospective
 
 in its character. “ The price to be fixed in the following manner.” “ The said Carter is
 
 to select
 
 either Fayetteville, Cheraw or Camden, and
 
 to name
 
 a time, and the prices are
 
 to be regulated
 
 by the prices at the named market and time.”' “ The. price
 
 to be
 
 the same as good crops of cotton sell for at the time.” The just inference from this seems to be, that Mr. Carter was to name beforehand a market anda day by which the price was to be regulated.
 

 Entertaining this opinion, we hold that the jury was misdirected, and that there ought to be a new trial. The judgment therefore must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed.