Ruffin, C. J.
 

 This is an action of assumpsit, brought in December, 1837, to recover the price of a crop of cotton sold by the plaintiff to the defendant. It arises out of the transaction stated in the case reported, 1 Ired. 141, between the same parties reversed. The facts there stated, are agreed on in this case, with the addition of the following circumstances; The plaintiff delivered to the defendant, under the written contract, his crop in parcels, as follows:
 

 1837. Jan. 25th, Apl. 14th & 15th, 26th,
 

 lb.
 
 5460 45041 29224
 

 The declaration contained two counts : the one. on the
 
 *450
 
 special agreement and claiming the value at Camden, on ^e 31st of January, 1837, and the other, in
 
 indebitatus assumpsit,
 
 on a
 
 quantum valebat.
 

 Upon .the trial, the defendant offered to prove, that immediately after the execution of the agreement, it was said between
 
 the
 
 parties, that,
 
 if no time
 
 or place should be appointed, the first of June should be the day. But the Court excluded the evidence. In submitting the case to the jury, the judge instructed them that the plaintiff could not recover upon his first count, but that he was entitled, upon the second, to recover the value of the cotton, at the place and on the respective days of délivery, deducting the sum of one thousand dollars, paid at the date of the contract. There was a verdict and judgment accordingly, and the defendant appealed.
 

 The correctness of the opinion on the .point of evidence, is not questioned in the argument in this Court. The difficulty on the merits of the case, arises from the want of an express provision in the contract, as to the effect of a failure of Carter to name a day and place, by which the price of the cotton should be regulated; and the object of the evidence was, to supply that omission, and thus add to,rand vary the written agreement. That could not be done; and, for that reason, the evidence was incompetent. Besides, if
 
 it had
 
 been received, it would not have supplied the defect; since it only went to designate a day, but not one of the places named as that at which the market price was to govern. It was therefore also irrelevant, and for that reason'
 
 ought not to
 
 have been heard.
 

 In the state of this case, the
 
 instructions to the jury were,
 
 also, in our opinion, correct. The plaintiff certainly could not recover on the general count, if an action on the special agreement could be maintained; for parties cannot resort to an implied agreement to pay the value, according to quantity anil quality of an article, bargained for at an agreed price. But here the contract fixes no price, but only designates a mode of doing so. That mode failed; and consequently the plaintiff could not support any count on the special contract, that is to say, he could not recover the price, as determined
 
 *451
 
 by the price at either Fayetteville, Cheraw or Camden, on any day between the 25th of January and 1st of June. This was the substance of the decision in the former case, on this instrument. There being then no special agreement still subsisting, and so in force between the parties, as to enable the seller to recover thereon any price for his property, which the defendant got, it follows in justice, and, as we think, in law, that there must be some other means, whereby the defendant may be compelled to pay a fair price for that property. If the written agreement had stipulated, in case Carler should not select a place and name a day, that he thereby abandoned all further claim; or if, in that event, it had provided some other mode for fixing a price; in those cases, the agreement being perfect in itself, would be conclusive on the rights of the parties. But, as has been already observed, this agreement is silent in those respects, and is, therefore, imperfect, in not providing for an event that must have been known as possible, or even probable, and which has actually happened. Notwithstanding that omission, the defendant urges on us a construction, which makes it mean the same thing, as if it contained an express clause of forfeiture, upon an omission by Carter to designate a day and place. But it is impossible to believe the parties meant any such thing. — > Suppose Carter had died the next day, before making his election, could it have been meant that McNeeley was to have his crop for nothing
 
 ?
 
 Certainly not. The fair interpreta-' tion of the agreement is, that it was a sale of cotton; of course for the value at the place and times of delivery ; with a power, however, to the seller, to vary that price, by taking that of another day and place, if designated by him within a certain period. This was the seller’s .privilege, at least mainly so; and he may give that up, without subjecting himself
 
 to
 
 the penalty of losing the whole value of the article. It is true, the special agreement is so framed, as not to enable him to recover on it. But for that very reason, he must have redress in the other form; since the defendant has voluntarily received the other’s goods, and derived a benefit therefrom, and
 
 ex equo and bono
 
 ought to pay for them. Bul. N. P. 139.
 
 Payne
 
 v. Bacomb, Doug. 651. The only form in
 
 *452
 
 which he can recover is, the general count here adopted. In ^ne> ^ special agreement does not cover the case, which has happened, and therefore, as a bar to the general count, js out 0£ case ap0gether, and the seller is entitled to the remedy upon the contract, pmplied from the benefit to the other party, accepted by him.
 

 It is not, however, to be understood, that even in such a case as this, no regard is to be paid to the special agreement. The principle on which we sustain this action, must be taken with this qualification ; that the plaintiff cannot, by the omission to name a day or place, and by any other default on his part, deprive himself of a remedy on the special agreement, and resort to the implied contract, so as thereby to get a higher price than he would, had he literally or duly observed the terms of the special contract. If therefore, the defendant had shewn that the value of cotton at his factory, was greater on the days of delivery, than it was at Fayetteville, Cheraw or Camden on any day the plaintiff could have named, within the period allowed for that purpose, then the special agreement could have been properly invoked, as containing a price, beyond which the seller could not go. But nothing of the kind appeared on the trial. The prices at those places may, on the other hand, have been higher than at the factory; and, if so, although the plaintiff may not have entitled himself to the higher price, yet that furnishes no reason, why he should not be entitled to recover any price at all for the cotton received by the defendant.
 

 Per Curiam, Judgment affirmed.