The late wife of the plaintiff had been thrice married. First to a man by the name of Harris, and by him she had three children. Secondly, to a man by the name of Bradley, and by him she had one child. Thirdly, to the *Page 463 
complainant, by whom she had one child, James Good; and she died in 1840, when the plaintiff became her administrator. The plaintiff, during the coverture, "being in embarrassed circumstances and desirous of discharging his debts, and to secure a maintenancer for his family," executed to the (631) defendant Thomas K. Harris a deed in trust for all his property (which deed makes a part of the case), to pay his debts — "and whatever part of the said property may remain thereafter, the same to be held in trust by the said Thomas Harris for the use, maintenance and support of the wife of the said Good and her children." And in case Good should die before his wife, "then he (the trustee) to reconvey the surplus property, with its accumulated value and quantity, unto the widow of the said Good and her children, if she should request it." The debts of the complainant have all been paid, and there is now remaining in the hands of the trustee a considerable personal fund to be distributed. The defendants are the children of Mrs. Good by the three marriages, and the representatives of deceased children, who claim the said property in different ways and in different proportions, under the words in the deed"her children." The plaintiff claims, first, the whole fund as a resulting trust; secondly, he says that if he is not entitled to the whole fund, he is nevertheless entitled as the administrator of his late wife to a half, and his son to the other half of the said fund, or at least he is so entitled to one share with all the children of his late wife. The case now comes on for a hearing on the bill, answers and the exhibited deed.
If the trustee held this personal property in trust only "for the maintenance of the grantor's family," a doubt might fairly arise whether the objects intended to be benefited were not so imperfectly described as to make the trust void, and so it would result, for the difficulty that would attend the execution of such imperfect trusts is converted by the Court into an argument that no trust was intended. Lewin on Trusts, 78, 79, and the cases there cited. But the grantor, in the subsequent and conveying part of the deed, as it relates to this fund, declares that the trustee shall hold the same in trust "for the use, maintenance and support of his wife and her children." We here see that there are well designated cestuis que trust described in the deed. But although there is no express provision in (632) the deed that the wife should have a separate estate in the trust, yet it is manifest that was the intention, when we read the whole instrument. That results from the nature of the deed being a provision by a husband for his wife. Steel v. Steel,23 N.C. 452. Besides, he directs the trustee, on the contingency *Page 464 
of his dying before his wife, that the property "is to be conveyed to her and her children, if she desires it." But it makes no difference whether the plaintiff takes his wife's share by force of his marital right or as her administrator, for it comes to the same thing in interest as to him. The next question is, What children are to take with him? We think that the child (James Good) of the grantor by his then wife only is to take benefit in the trust with the plaintiff. We think so, first, because the grantor, in the beginning of the deed, declares that he was about to secure a maintenance for "his family." The other children were not members of his
family at the time of the making of the deed. Again, the grantor declared that he was in embarrassed circumstances; the property was, therefore, first to be applied to rid him of debt, and the remainder, whatever it might be, was to continue in trust for the support of his wife and her children. He expected other children, it is probable. To suppose an embarrassed man intended to include four other persons of no kin to him as sharers in this surplus with his wife and his own children by him is to suppose the grantor to have lacked common prudence and also the common sense of self-preservation. We think, therefore, from a full reading of the deed itself, he could not so have intended. We are of the opinion, and so declare, that the trustee, Thomas K. Harris, holds the funds mentioned in the pleadings in trust, one moiety for the complainant as the administrator of his late wife, Sylvester Good, and the other moiety in trust for the infant son of the said William Good and Sylvester Good, deceased, by the name of James Good. All costs will be paid out of the fund by the trustee.
PER CURIAM. Decreed accordingly.
Cited: McGinnis v. Harris, 52 N.C. 216; Evans v. King, 56 N.C. 388. *Page 465 
(633)