## SPENCER *v.* TREANOR.

[No. 11,396.    Filed December 21, 1922.]

1. SALES.— *Contract Provisions.— Selling Price to be Determined or Fixed by Vendor.—Failure to Fix Date.—Recovery on Contract.*—Where a contract of sale of a quantity of corn provided for payment at the market price on a day to be fixed by the seller, and she attempted to fix a date prior to that on which notice to such effect was given to the buyer, such attempt was without legal effect, and she could not recover on the contract.    p. 179.

2. SALES.—*Purchase Price.—Recovery.—Failure to Comply with Stipulations of Contract of Sale.—Right to Recover Reasonable Value.*—Where a contract of sale of a quantity of corn provided for payment at the market price on a day to be fixed by the seller, and she attempted to fix a date prior to that on which notice was given to the buyer, so that such attempt was without legal effect, she could recover the reasonable value of the corn, though a second paragraph of her complaint sought recovery on the contract which no longer subsisted.    p. 179.

From White Circuit Court; *Benjamin F. Carr,* Judge.

Action by Julia A. Treanor against Stanton T. Spencer. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Gaylor & Sills,* for appellant.

*E. B. Sellers,* for appellee.

ENLOE, J.—This action was begun by the appellee against the appellant to recover for corn sold and delivered by appellee to appellant.

The complaint was in two paragraphs, in the first of which appellee sought a judgment for the reasonable value of the corn sold; and in the second she sought to recover upon an alleged special contract.

The issues being closed the cause was submitted to the court for trial, with a request that the court make a special finding of the facts and state its conclusions of law thereon. The court made its finding of facts and stated its conclusions of law thereon favorable to ap-, pellee, and rendered judgment accordingly. Appellant duly excepted to the conclusions of law, and also filed his motion for a new trial, stating as reasons therefor that, the decision of the court was not sustained by sufficient evidence, and was contrary to law. This motion being overruled he prosecutes this appeal. The only alleged error now presented for our consideration is as to the court's conclusion of law, upon the facts found.

The contention of the appellant, as stated by counsel in their brief filed herein is, that, "as the findings show that the corn in question was sold under a *special contract,* the plaintiff is not entitled to recover the reasonable value thereof under an implied contract." As an abstract proposition of law, the proposition thus contended for is undoubtedly true, but the question which we have to consider is whether it is applicable to the facts as found by the court in the case.

The finding of the court, so far as the same relates to the alleged special contract is as follows,—(3) "That on July 12, 1919, the plaintiff was the owner of 1, 2. 525 bushels and 20 pounds of ear corn of the crop of 1918, and the same was in cribs on a farm belonging to plaintiff lying north and east of the town of Wolcott, in White County, Indiana, and on said above date, the plaintiff and defendant entered into an oral agreement by the terms of which the plaintiff sold to the defendant said 525 bushels and 20 pounds of corn; that the price to be paid for said corn was not then fixed, but that it was agreed by said parties that plaintiff would thereafter fix and determine upon a specific date and that the market price of that date should be the

selling price for said 525 bushels and 20 pounds of corn; and that the defendant should take possession of said corn at his own convenience."

There was a further finding that the appellant removed said corn from the cribs where it was stored, between July 12, 1919, and August 17, 1919, and fed the same to his live stock.

The court further found,—"that at no time has the plaintiff fixed a day when the market price should govern as to the contract price for the corn mentioned in finding No. 3 hereof, except, that on August 25, 1919, she, by post card sent to the defendant, attempted to fix the price of the corn mentioned in finding No. 3 hereof, at $1.90 per bushel, the same being the market price of said corn on August 1, 1919.   The court finds that said postal card was mailed on August 25, 1919, was signed by the plaintiff, was addressed to the de-· fendant at Wolcott, Indiana, and was received by him in the regular and usual course of the delivery of mail at the Wolcott post office, and that said postal card is in the words and figures following, to-wit,—

Remington, Aug. 25, 1919.

Dear Sir: ` You can call my corn sold the day you gave me the $500.   I have been away from home till yesterday hunting land.   Have you it all hauled yet? Hope you are all O. K.

I remain yours truly,

Mrs. J. A. Treavor."

There was also a finding that the $500 above mentioned was paid to appellee by appellant on August 1, 1919.   There was also a further finding that the appellant had never requested the appellee to fix upon a day as to when the market price should control as to the payment for said corn, nor fixed such day himself, or attempted to do so.

Upon these, the controlling facts as we view them, we are now called upon to declare the rights of the respective parties under the contract.

In *McNeely* v. *Carter* (1840), 23 N. C. 141, the contract, which was for the sale of cotton, was very similar to the one herein involved. The provision in that contract was,—"The price of the cotton to be fixed on in the following manner: said Carter is to select either Fayetteville, Cheraw, or Camden, and to name a time; and the prices are to be regulated by the prices at the named market and time. * * * The price to be fixed upon by the 1st June next."

The contract was made on January 25, and the cotton delivered shortly thereafter. On the following May 31, Carter informed McNeely that he selected Camden as the place and the thirty-first day of the preceding January as the time by which the sale price of the cotton should be fixed. This, the court held, Carter could not do; that the day to be fixed must not be one that was past. Under this authority, and we find none to the contrary, the attempt of the appellee to fix the day, as she did in said post card, was without legal effect; and she never fixed a day when the market price should govern the price of the corn so sold.

The declaration in the McNeely case, *supra,* was in two counts, viz.: one upon the special contract, and the other, in general assumpsit to recover the reasonable value of goods sold and delivered. The cause was reversed upon the first appeal and after another trial was again appealed (*Carter* v. *McNeely* [1841], 23 N. C. 448), and in this second appeal the court said, "The plaintiff certainly could not recover on the general count, if an action on the special agreement could be maintained; for parties cannot resort to an implied agreement to pay the value, according to quantity and quality of an article, bargained for at an agreed price.

But here the contract fixes no price, but only designates a mode of doing so. That mode failed; and consequently the plaintiff could not support any count on the special contract, * * *. There being then no special agreement still subsisting, and so in force between the parties as to enable the seller to recover thereon any price for his property, which the defendant got, it follows in justice, and we think, in law, that there must be some other means, whereby the defendant may be compelled to pay a fair price for that property. * * * The fair interpretation of the agreement is, that it was a sale of cotton; of course for the value at the place and time of delivery; with a power, however, to the seller, to vary that price, by taking that of another day and place, if designated by him within a certain period. This was the seller's privilege, at least mainly so; and he may give that up, without subjecting himself to the penalty of losing the whole value of the article. It is true, the special agreement is so framed, as not to enable him to recover on it. But for that very reason, he must have redress in the other form; since the defendant has voluntarily received the other's goods, and derived a benefit therefrom, and *ex aequo et bono* ought to pay for them." See also *Handwerk* v. *Osgood* (1887), 23 Ill. App. 282.

We find no direct authority in this state covering the proposition involved in this case, but we are satisfied with the reasoning and with the law as declared in the cases above cited. Under these authorities the court did not err in its conclusion of law. The judgment is affirmed.