## ELIJAH v. BURKLAND.

[No. 11,655.   Filed October 5, 1923.]

1. SALES.—*Contract Provisions.—Selling Price to be Determined or Fixed by Vendor.—Failure to Fix Date.—Recovery on Contract.*—Where a contract of sale of a quantity of corn provided for payment at the market price on a date to be fixed by the seller prior to a certain named date and providing that if seller did not designate a date, the market on the certain named date should govern, *held* the seller could not after the certain named date designate some date prior thereto as date to be fixed to govern the price.   p. 361.

2. SALES.—*Contract Provisions.—Selling Price to be Determined or Fixed by Vendor.—Recovery on Contract.*—Where a contract of sale of a quantity of corn provided for payment at the market price on a date to be fixed by the seller prior to a certain date named and providing that if the seller failed to designate a date, the market price on the certain named date should govern, where the purchaser advanced money in excess of the market price as subsequently fixed by the contract, *held* recovery of the excess payments were not precluded on the theory that payment was made without fraud and with full knowledge of all the facts.   p. 362.

3. SALES.—*Contract Provisions.—Selling Price to be Determined at Future Date.— Advance Payments.— Guaranty.—* Where a contract of sale of a quantity of corn provided the selling price should be the market price on a future date to be fixed by the seller and the purchaser made advance payments in excess of the market price on date designated, *held* the advance payment did not amount to a guaranty of minimum price of the amount advanced in the absence of provisions in the contract to that effect.   p. 362.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by Victor Burkland against Alex Elijah. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Abraham Halleck,* for appellant.
*Hanley & Hanley,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover money alleged to be due by reason of certain contracts in which appellee purchased corn from appellant.

The complaint is in two paragraphs, the substance of the first paragraph being that in June, 1920, appellee purchased from appellant 736 bushels of corn, which was duly delivered; that under the terms of the contract of purchase it was agreed that appellant should have until December 31, 1920, to fix and designate the price per bushel for said corn; that before appellant designated such price, by agreement of the parties, after a decline in price of corn during the year 1920, the time for fixing and designating the price was extended until October 1, 1921, and it was provided further that, if appellee was not notified by appellant before October 1, 1921, of the price designated by him for said corn, the sale price thereof was to be the market price of corn on said day, it being understood that appellant should notify appellee on a day certain to be by appellant designated, and the market price of that day was to be the price per bushel for the corn so purchased; that afterwards, appellee purchased from appellant 227 bushels of corn during the year 1920; that appellant was to fix during the year 1921, the market price, and fix a day and telephone or write appellee; that the corn was marked sold upon a day certain and the market price as of that day was to be the amount paid therefor; that appellant during said time drew $730 in money from appellee which was in excess of the market price of the corn, on October 1, 1921, in the sum of $375.30, which sum, and interest thereon, is due and owing appellee; that during the time fixed by the parties whereby appellant was to notify appellee of his

election to accept the market price for said corn, upon a day certain, appellant failed, neglected and refused to notify appellee of his acceptance of the said market price; that under the terms of the agreement the corn was marked sold upon October 1, 1921, defendant having failed to designate a price before that date and that the market price for said corn upon said date was thirty-seven cents per bushel.

Plaintiff's second paragraph of complaint was the common count for money had and received. Appellant filed answer in three paragraphs, the first in general denial; the second by way of counterclaim asking judgment against appellee for 227 bushels of corn sold by appellant to appellee; the third by way of counterclaim asking judgment for $200 for corn had and received by appellee from appellant. To the second and third paragraphs of answer appellee replied in general denial. A trial by the court resulted in a judgment in favor of appellee for $357 and interest from October 1, 1921.

Appellant has assigned as error the overruling of his motion for a new trial.

Under the averments of the complaint the rights of the parties as to the 227 bushels of corn are somewhat uncertain, but appellant states that "some time

1. in September, 1920, appellee bought of appellant 227 bushels more corn on which appellant might take till October 1, 1921, to fix the price." Appellee testified to the same effect. With this interpretation there was ample evidence to sustain the finding and judgment of the court. Appellant having failed before October 1, 1921, when the market price of corn was thirty-seven cents per bushel to name a day on which he would accept the market price for his corn, cannot now fix a day prior thereto. In other words, he cannot retain the $730 paid him because of the market price of

corn on some day prior to October 1, 1921. This principle was decided in *Spencer* v. *Treanor* (1922), 79 Ind. App. 178, 137 N. E. 566. If he retains the money paid him in excess of thirty-seven cents per bushel, the market price on October 1, 1921, he must invoke some other principle.

There is no claim that any fraud was practiced by either party, and appellant argues that appellee paid him approximately one dollar a bushel for the corn purchased of him with full knowledge of all of the facts without fraud or imposition on the part of appellant, and at a time when corn was worth $1.40 per bushel, and that he is now entitled to recover back any part of the money so paid. He cites to sustain his argument, *Hollingsworth* v. *Stone* (1833), 90 Ind. 244, from which case appellant has apparently taken the language of his contention. But the facts in that case are entirely different from the facts herein, and the language there used can have no application to the circumstances of this case. Appellee did not know all the facts. He did not know that appellant would fail and refuse to fix a price until after the corn had dropped below a dollar per bushel, or that he would fail and refuse to fix any price until the agreement fixed the market price of October 1, 1921. Evidently, both parties were mistaken in their anticipation of the market price of corn.

Appellant argues that, as the market price of corn at the time of the sale was $1.80, a price which he refused to accept, the sum paid is about one-half of the market price when the corn was received, and it would therefore be inequitable to require a refund. We assume, however, that had the corn advanced to $3 per bushel, appellant would not be here contending that it would be inequitable for him to receive the advantage of the advance of the market. Ap-

pellant says that the payment of the $730 amounted to a guarantee of a minimum price of approximately one dollar. But the contract contained no such provision.

Judgment affirmed.